WILLIAM SAGE ET AL., Plaintiffs in Error, *v.* R. REEVES ET AL., Defendants in Error.

### March 30, 1885.

A case involving substantially the same points, against the same defendants, *Baum & Co.* v. *Fryear et al.*, has recently been decided by the Supreme Court of this state; and upon the authority of that case the judgment here is affirmed.

ERROR to Johnson Circuit Court, HON. NOAH. M. GIVAN, Judge.

*Affirmed.*

The facts sufficiently appear in the opinion of the court, so far as necessary, to be stated.

W. W. WOOD, for plaintiff in error.

I. The letters written by plaintiff in error to R. G. Dun & Co. should have been admitted in evidence to show extent and scope of authority.

II. The refusal of instruction, to the effect that a release of one party, jointly liable, does not raise a presumption of release to the others, was clearly erroneous.—*Patterson* v. *Camden*, 25 Mo. 13; *Powell* v. *Charless*, 34 Mo., 485; *Spaunhorst* v. *Link*, 46 Mo. 197; *Leabo* v. *Goode*, 67 Mo. 126; *Briscoe* v. *Callahan*, 77 Mo. 134; *Cockrill* v. *Johnson*, 28 Arkansas, 193. Also the instruction declaring that defendant had introduced no evidence in support of the allegations of his answer, should have been given.

O. L. HOUTS, for the respondent.

I. Instructions given by the court for plaintiff covers the grounds of those refused, and there is no just ground of complaint.

II. The court found for defendant, and the evidence is abundant to support the finding. Where it has been clearly established, as in this case, that the new firm agreed to assume the obligations of the old, very slight evidence is required to show that the new liability was accepted.—*Register* v. *Dodge*, Federal Reporter, Vol. 6, page 6.

Opinion by ELLISON, J.

C. Fryear composed the company of the firm of R. Reeves & Co. The case was dismissed as to R. Reeves. The firm was indebted to various parties when Fryear sold out his interest to Frank Reeves a brother of R. Reeves; the firm thereafter being Reeves & Bro.

There was evidence at the trial tending to show that when Fryear sold out, the new firm of Reeves & Bro. assumed the debt of the old firm of Reeves & Co., which assumption was accepted and agreed to by their cred-

itors, thereby discharging Fryear. There was also evidence tending to show the creditors were not a party to this agreement.

A trial resulted in favor of defendant, and plaintiffs prosecute this writ.

Various exceptions were taken to the action of the court in the progress of the trial. A case of Baum & Co. against Fryear, this defendant, involving the same questions presented here, has just been decided by the Supreme Court. It seems that Baum & Co. claimed to be creditors of the old firm, and denied any release or discharge of defendant. A trial resulted in a judgment in favor of defendant, which was affirmed by the Supreme Court. The points involved in this case are substantially the same. Judgment affirmed. The other judges concur.