CASPAR DAMHORST, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, November 13, 1888.

1. **Justices' Courts : SUMMONS.** The description of the nature of the action in a summons issued by a justice of the peace, as "for two hundred and fifty dollars damages as per statement filed," is sufficient under section 2858, Revised Statutes. An appeal by the defendant to the circuit court dispenses with the necessity for showing a regular summons.

2. **Justices' Courts: STATEMENT.** A statement filed with a justice of the peace which is sufficiently specific to bar another action upon the same cause is all that is required by law.

3. **Practice, Trial : DEMURRER TO EVIDENCE.** Where the material evidence is conflicting, a demurrer to the evidence is properly overruled.

4. **Damages : INTEREST.** Interest is not allowable on damages in an action for negligence.

*Appeal from the St. Louis City Circuit Court.*—HON.
GEORGE W. LUBKE, Judge.

REVERSED *nisi.*

*Henry G. Herbel,* for the appellant.

Defendant's motion to dismiss should have been
sustained. The summons does not contain a descrip-
tion of the nature of the accident, as required by
statute. R. S. 1879, sec. 2858 ; *Hill v. Ore Co.,* 90 Mo.
105 ; *Bradenburger v. Easley,* 78 Mo. 660. The
defendant's objection to the introduction of any evi-
dence under the petition because it fails to state a cause
of action, should have prevailed. *Gurley v. Railroad,*
93 Mo. 445. As the accident occurred between streets
(and not at a crossing where the rights of the public
and the railway are equal), defendant's engine had the
right of way. *Zimmerman v. Railroad,* 71 Mo. 476.
And it was as much plaintiff's duty to move his wagon
to a place of safety as it would have been for him to
vacate that part of the street on which defendant's
tracks are laid, on the approach of an engine. *Rail-
road v. Ervin,* 89 Pa. St. 71. The instruction on the
duty of plaintiff's driver to move his team to a place of
safety, asked by defendant, should have been given.
*Ravenscraft v. Railroad,* 27 Mo. App. 623 ; *Woolery
v. Railroad,* 5 West. Rep. 667. The second instruc-
tion is erroneous because it authorizes the recovery of
interest on damages. *Kimes v. Railroad,* 85 Mo. 611 ;
*Wade v. Railroad,* 78 Mo. 362 ; *De Steiger v. Railroad,*
73 Mo. 33 ; *Meyer v. Railroad,* 64 Mo. 542 ; *Atkinson
v. Railroad,* 63 Mo. 367 ; *Marshall v. Schricker,* 63
Mo. 309 ; *Kenney v. Railroad,* 63 Mo. 99.

*W. M. Hezel,* for the respondent.

The motion to dismiss was properly overruled. R.
S. secs. 2858, 2851. Formal pleadings before a justice
are not required, and a pleading, which apprises the

defendant of the nature of the action, and is sufficiently specific to bar another action, suffices.    Where there is a conflict of evidence, and sufficient evidence to warrant a finding for the plaintiff, a demurrer to the evidence by defendant is properly overruled.    The instruction in this case in regard to the measure of damages is proper, as it gives, as the measure of damages, what the plaintiff expended and lost as interest.

PEERS, J., delivered the opinion of the court.

This is an action for damages commenced before a justice of the peace in the city of St. Louis, where by default the respondent had judgment for two hundred and fifty dollars, the full amount of his claim.    Motion to set aside the default being overruled the defendant appealed to the circuit court.    Defendant filed a motion to dismiss the cause for the reason that the summons does not state the nature of the suit, which was by the court overruled.    Defendant then objected to the introduction of any evidence under the petition because it fails to state a cause of action, which was also overruled and the defendant excepted.

From the testimony, which is always conflicting in cases of this kind, it appears that the plaintiff was the owner of a two-horse wagon which was standing on Poplar street in said city, and was in charge of a boy while the driver was in a store in front of which the wagon was standing, delivering goods.    The defendant has a track on Poplar street, and at the time of the accident one of its engines was moving along this track in a westerly direction.    The horses and wagon of plaintiff were standing near Sixth street on Poplar, facing to the east.    There seems to be a steep grade on Poplar from Main to Fifth street, so that an engine going west on Poplar cannot be seen from Sixth street until it is between Fourth and Fifth streets.    Two or three witnesses say that the engine was letting off steam when it was between Fifth and Sixth streets, and for that reason the horses of the plaintiff became frightened and unmanageable.    It also appears that there were several street-

cleaners present at the time and one of them ran towards
the engine which was running at the rate of four or five
miles an hour, and signaled the engineer to stop, halloo-
ing and waving his hands ; that the engine was then
about fifty or sixty feet away; that the engine did not
stop but continued on and collided with plaintiff's
wagon.   The engineer in charge of the engine was intro-
duced as a witness and stated that he had plaintiff's
team in full view all the time and that the horses mani-
fested no fright until his engine got within four feet of
them, when they suddenly wheeled around in front of
the engine; that as soon as he saw their action he
reversed his engine and stopped it within ten feet ; that
his engine was under control and that he was using no
steam as the engine was moving of its own momentum
and slow at that, and this statement is corroborated by
a witness who was standing on the foot-board on the
front of the engine.

Defendant demurred to the evidence at the close of
plaintiff's case which being overruled by the court is
here assigned as error.

The defendant asked the court to instruct the jury
as follows :

"The court instructs the jury that the defendant
had the lawful right to use that part of Poplar street
occupied by its tracks for the movement of its engines
and cars thereover, and that its right to do so was
superior to that of plaintiff at the point at which the
collision occurred, and if they believe from the evidence
that the engine which collided with plaintiff's wagon
was being operated in a prudent manner at the time
thereof, and that the person in charge of said wagon
saw, or, by the exercise of ordinary care, could have
seen said engine approaching said wagon in time to place
said wagon out of danger and did not do so, and that
the horses attached thereto became frightened at said
engine and the collision resulted in consequence thereof,
they will find their verdict for defendant."

Which instruction the court refused to give to the

jury; to which action of the court defendant at the time duly excepted.

The court then, at the instance of plaintiff, gave to the jury the following instructions:

"If the jury believe from the evidence that the negligence of defendant's agents or servants directly caused the injury sustained by plaintiff, and that, by the exercise of ordinary care and prudence on their part, and as stated in other instructions given, the injury could have been avoided, the jury will find for plaintiff, provided also the jury believe from the evidence that plaintiff and his employes exercised ordinary care and prudence on their part to prevent the collision. By ordinary care and prudence is meant that degree of care which an ordinarily prudent person would exercise under the same or similar circumstances."

"The court instructs the jury that if they find for plaintiff they must find for such sum of damages as they believe from the evidence the plaintiff sustained by reason of a necessary and reasonable expenditure for repairs to his wagon and harness and his loss in bottles and boxes, not exceeding in all, however, the sum of $101.20, with interest from September 26, 1887, to this date, at six per centum per annum, all stated in one sum."

To which action of the court in giving said instructions and each of them defendant at the time duly excepted.

The court also gave to the jury the following instructions asked by defendant:

"The court instructs the jury that defendant in the operation of its engines and trains on Poplar street is under no legal obligation to halt or stop the same when a team is seen standing on said street parallel with and at a sufficient distance from its said track to admit of the free passage of its engine thereover, and if they further believe from the evidence that plaintiff's team was so situated immediately before the collision they will find their verdict for the defendant unless they further find

from the evidence that the said engine was being oper-
ated at said time and place in an unnecessarily noisy
manner, or was being run at an incautious rate of speed,
or could, by the exercise of ordinary care on the part
of the person or persons in charge thereof, have been
stopped in time to avert the collision after they became
aware of the fright of the plaintiff's horses.''

"The court instructs the jury that if they believe,
from the evidence, that immediately before the collision
mentioned in evidence plaintiff's wagon and team were
standing on Poplar street, parallel with defendant's
track and at a sufficient distance therefrom to admit of
the free passage of the defendant's engine thereon, and
that the engine mentioned in evidence was being moved or
run over defendant's track on said Poplar street at the
time of the collision, without any unnecessary noise and
at a slow and cautious rate of speed, and plaintiff's horses
attached to said wagon became frightened thereat, they
will find their verdict for defendant, unless they believe,
from the evidence, that defendant could have averted
the collision by the exercise of ordinary care after the
fright of plaintiff's horses was discovered by the person
or persons in charge of said engine.''

The jury thereupon found a verdict for plaintiff in
the sum of $104.15.

The defendant in due time filed a motion for a new
trial which was overruled.

The errors assigned are as follows: (1) The court
erred in overruling defendant's motion to dismiss;
(2) the court erred in overruling defendant's objection to
the introduction of any evidence under the petition;
(3) the court erred in refusing to give the instruction
for a nonsuit asked by defendant at the close of plain-
tiff's case; (4) the court erred in refusing proper and
legal instructions asked by defendant; (5) the court
erred in giving illegal and improper instructions asked
by plaintiff; (6) the verdict and judgment are excessive.

I. We shall take up and pass on these points in
the order in which they are presented. As to the motion
to dismiss, we think it was properly overruled. The

summons contains a sufficient description of the nature of the action to inform the defendant what he is required to answer, and this we think is sufficient. But more than that, the defendant, by bringing up the case by appeal, dispensed with the necessity of a regular summons before the justice. *Gant v. Railroad*, 79 Mo. 502; *Fitterling v. Railroad*, 79 Mo. 504. The summons in this case read: "We command you to summon the Missouri Pacific Railway Company * * * to answer the complaint of Caspar Damhorst for two hundred and fifty dollars damages, as per statement filed." The summons was executed by delivering a true copy of the summons and petition to the general manager, etc. We hold this sufficient service, and that the summons was not defective under section 2858, Revised Statutes.

II. The point made by the defendant on the statement is not well taken. The courts of this state have uniformly held that no formal pleadings are required under the statute in actions before a justice of the peace. A statement of the facts constituting the cause of action which is sufficiently specific to bar another action is all that is required. This we think the statement contains.

III. As to the demurrer to the evidence, we do not see that the trial court committed any error in overruling it. The evidence is not as conclusive as it might be; the plaintiff's witnesses swearing one way and the defendant's witnesses another on the question of negligence; but we are not prepared to say that there was no evidence upon which the case should go to the jury. Where there is any substantial evidence to sustain the issues, the case must go to the jury. *Baum v. Fryrear*, 85 Mo. 151; *Groll v. Tower*, 85 Mo. 249; *Sage v. Reeves*, 17 Mo. App. 210. It is not the province of the court to determine the weight of the evidence, and where it is conflicting, as in this case, a demurrer to the evidence is properly overruled. *Covey v. Railroad*, 86 Mo. 635.

IV. There was no error in refusing the instructions asked by defendant, inasmuch as those given by the

court fairly submitted the issues, except in the particular hereinafter noted, to the jury.   The first instruction given by the court is erroneous in this, that it authorizes the jury to allow six per cent. interest on the damages.  Interest is not allowable in cases of this character. *DeSteiger v. Railroad*, 73 Mo. 33; *Kenny v. Railroad*, 63 Mo. 99; *Meyer v. Railroad*, 46 Mo. 543.

The damages to the wagon, harness, boxes and bottles were shown to be $101.20, and under the instructions the jury added $2.95 interest, and returned a verdict for $104.15.  This calls for a reversal of the judgment and remanding of the cause, unless the plaintiff shall within three days remit all of the judgment except $101.20.   The plaintiff will be adjudged to pay the costs of this appeal, which are hereby adjudged against him.