[No. 1202, September 2nd, 1908.]

ELGIN DOUTHITT, by his next friend, THOMAS J. DOUTHITT, Appellee, v. JOSHUA B. BAILEY, Appellant.

### SYLLABUS (BY THE COURT).

1. A Justice of the Peace who refuses to allow an appeal, when a good and sufficient bond is tendered, even when the person desiring to take the appeal has pleaded guilty before him, may be sued under section 3,308, Compiled Laws of 1897, for the refusal to grant the appeal and the penalty prescribed in that section may be recovered from him.

2. A Justice of the Peace who sits in a case in which he has not jurisdiction, or who exceeds his jurisdiction, can-

Douthitt v. Bailey.

not justify his refusal to grant an appeal, when a proper bond is tendered, on the ground that he had no jurisdiction to hear and determine the case.

Appeal from District Court for Chaves County before WILLIAM H. POPE, Associate Justice. Affirmed.

JAMES M. HERVEY for Appellant.

Courts of justices of the peace can exercise no jurisdiction except where it is distinctly and expressly conferred. Flournoy v. City of Jeffersonville, 17 Ind. 169, 79 Am. Dec. 468; State v. Nash, 66 O. St. 612, 64 N. E. 558; St. v. LeClair, 86 Me. 522, 30 Atl. 78; State v. Gerry, 38 Atl. 272, 68 N. H. 495, 38 L. R. A. 228; Murry v. Burris, 6 Dak. 170, 42 N. W. 25; Worden v. Brown, N. Y., 14 How. Prac. 327; Pyle v. Hand, 1 S. Dak. 385, 47 N. W. 401; Walker v. Wynne, 11 Tenn. 3 Yerg. 62; Dusenberry v. Keilly, 8 Daly 537, 85 N. Y. 383; Castro v. DeUriarte, 12 Fed. 250; Adkins v. Brewer, 3 Cow. 206, 15 Am. Dec. 264; Butler v. Potter, N. Y. 17 John. 145; Horton v. Auchmoody, N. Y., 7 Wend. 200; Holtzman v. Robinson, D. C. 1876, 2 MacArthur 520; 24 Cyc. 421-423; Jordan v. Hanson, 49 N. H. 196, 6 Am. R. 508; Austin v. Vrooman, 128 N. Y. 229; Woodward v. Paine. N. Y., 15 John. 492; Randal v. Brigham, 7 Wallace 523; Lange v. Benedict, 73 N. Y. 12; Bradley v. Fisher, 13 Wallace 335; 1 Chit. Cr. L. 89.

Compiled Laws, 1897, sec. 3307, creates a right of appeal in all cases triable before justices of the peace and sec. 3308 provides a remedy for the wrongful refusal of that right and prescribes the manner of procedure. 24 Cyc. 437; Attorney General v. Sillem, 2 H. C. 515; C. L. 1897, sec. 3309; Jackson v. State, 33 Fla. 620, 15 South 250; 1 Chit. Cr. Law 89; State v. Gerry, 38 Atl. 272, 68 N. H. 495, 38 L. R. A. 228; Lange v. Benedict, 73 N. Y. 25; Stradling v. Morgan, 1 Plowd. 206; Crowder v. Fletcher & Co., 80 Ala. 219; Brown v. Rouse, 116 Ill. App. 513; Black. Comm. 89; Chicago, Wilmington & Vermillion Coal Co. v. The People, 114 Ill. App. 109; McCarthy v. McCarthy, 20 App. D. C. 195; U. S. v. Doo-noch-keen, 2 Alaska 624; Wellsburg v. Panhandle T. Co., W. Va,

Douthitt v. Bailey.

48 S. E. 746; U. S. v. Jackson, 143 Fed. 783; 1 Free. Judg. 4 ed., sec. 2; State ex inf. Crow v. Fleming, 44 S. W. 758; Eppright v. Kauffman, 1 S. W. 736; Succession of Anderson, 33 La. Ann. 581; Schulhoefer v. City of Orleans, 4 South. 494; Pollock v. C. Hennicke Co., 46 S. W. 185; Charles Green's Son v. Salas, 31 Fed. 106; Dist. of Columbia v. Eslin, 182 U. S. 62.

U. S. BATEMAN and D. C. GRIFFITN, for Appellee.

No brief.

### STATEMENT OF FACTS

Elgin Douthitt, a minor, was arrested on the charge of having put staples into the well of J. A. Browning, so that the pump in said well would not work. He was arrested on a warrant issued by the appellant Joshua B. Bailey, a justice of the peace for Precinct No. 2, of Chaves County, and was brought before the said justice for trial. On being arraigned he plead guilty, and was fined by the said justice in the sum of $50.00, and was sentenced to jail for the period of three months. From this judgment of the justice of the peace, appellee prayed an appeal to the District Court of Chaves County and presented a bond, but the appeal was denied, and the appellee was committed to the jail of Chaves County to serve out the sentence which had been imposed. Afterwards, application was made to the presiding judge of the District Court of Chaves County who granted an appeal. What became of the case on the appeal is not shown in the record, nor is it material to the determination of this case.

Appellee brought suit against the justice of the peace under sec. 3308, Compiled Laws of 1897, for the refusal to grant the appeal and recovered judgment for the sum of $200.00, from which judgment this appeal is taken.

### OPINION OF THE COURT.

MILLS, C. J.—We regret that the attorneys for the appellee did not file a brief in this case, as it would have saved this court a considerable amount of labor in looking up the law which is applicable to it. We have, however, endeavored to ascertain the law of the case, and, if our

opinion is not as exhaustive as it might be, it is owing to the lack of time which has been at our disposal.

This suit was brought under Section 3308, Compiled Laws of 1897, which reads as follows, to-wit:—

"If any justice of the peace shall wrongfully refuse to allow an appeal in any case where an appeal is now or may hereafter be permitted by law, or shall demand from any person the payment of any sum of money as a condition precedent to the granting of such appeal, or to the approval of any bond which may be required by law to perfect such appeal or any stay of proceedings thereon, such justice of the peace so offending shall forfeit and pay to the party aggrieved a penalty of $200.00, to be recovered by him in an action of debt prosecuted in his own name, in the District Court of the county in which said justice is acting."

There is no dispute as to the facts in this case, and under the instructions of the court, the jury returned a verdict in favor of the plaintiff, appellee herein, for the sum of $200.00.

The defense to the case was: (1st) that it must appear before the defendant can be liable that he wrongfully refused to allow the appeal in question; (2nd) that if it appeared that the defendant was advised by the district attorney, to refuse the appeal, and that he acted on such advice that then such refusal was not wrongful; and, (3rd) that if the damage to the pump was more than $100.00 that then the justice of the peace had no jurisdiction of the offense, and would have no jurisdiction to allow the appeal.

Justices of the peace are provided for in the Organic Act under which this territory was created. Sec. 10 of that act provides for justices of the peace, and limits their jurisdiction as provided by law, with the further limitation that they shall not have jurisdiction when the title or boundary of lands are in dispute or when the debt or sum claimed shall exceed $100.00.

The jurisdiction of the justices of the peace is set out in Sec. 3232, Compiled Laws of 1897, and sub-division 8 of that section gives them jurisdiction "In all cases of

malicious mischief or injury when the damages done does not exceed one hundred dollars." If the damages exceed one hundred dollars the justice only has power to bind the accused over to the next term of the District Court. In this case the appellee was arrested on complaint made before and on a warrant issued by the justice of precinct No. 2, Chaves County, and was brought before that officer for trial. There is nothing in the record which shows that the damage done by the appellee was in excess of $100.00 and if it was not, under Sub-Sec. 8 of Sec. 3232, (and the validity of that section is not attacked), then the justice had jurisdiction to hear the case. It is true that the defendant below offered an amendment to his amended answer, in substance that the injury to the pump was in excess of $300.00, but that amendment never appears to have been acted upon by the court. None of the evidence is brought up, and we cannot conclude that it would sustain the contention of the appellant herein, that the well and pump were damaged to the extent of over three hundred dollars. If any inference is to be drawn it must be that the justice of the peace had jurisdiction to hear and decide the case in which the appellee was sentenced.

Even if the justice had no jurisdiction to determine the guilt of Elgin Douthitt, on account of the damages to the well and pump being in excess of one hundred dollars, that would be no reason for the refusing of the appeal, for it is held that "when a judicial officer has authority to deal with a matter on one basis, and he deals with it on a, different and erroneous basis, he has acted not in the absence of but in excess of his jurisdiction." 19 Cyc. 334.

Section 3305, Compiled Laws of 1897, which section was originally enacted in 1876, provides that any person aggrieved by any judgment of the justice may appeal to the District Court and section 3359 of the same laws provides that the District Court on the trial of an appeal, shall proceed de novo.

There is no restriction as to what cases can be appealed; the statute is mandatory and says in direct words that "any person aggrieved by any judgment rendered by

any justice may appeal," consequently any person even if he enters the plea of guilty before a justice of the peace has the right to apppeal, and on his filing the proper bond, the justice is bound to grant the appeal to the District Court where the case is tried *de novo*.

"The general rule is that a justice of the peace who acts in a case of which he has no jurisdiction, or who exceeds his jurisdiction, is liable to damages to any party injured," 24 Cyc. 423, and cases cited in Note 53; nor can a justice of the peace justify a failure to perform a ministerial duty; by any collateral matter. Deuble v. Kolbe, 7 Ohio Dec. 177. In the case at bar the refusal to grant the appeal can not be justified on the ground that the district attorney advised the refusal of the appeal. Such a defense could in some cases be admitted in mitigation of damages, but in cases like this, where the suit is to collect a fixed penalty provided by statute for the refusal to grant an appeal, there can be no lessening of the amount of the judgment.

From the record in this case it is apparent that no error was committed in the trial of this case in the District Court of Chaves County, and the judgment of the court below is therefore affirmed, and it is so ordered.