(No. 1855, November 17, 1917.)

## M. B. GOLDENBERG CO. v. EL PASO & S. W. CO.

### SYLLABUS BY THE COURT.

1. In appeals from a justice of the peace court to the district court, rule 4 of the rules of practice for the district courts (14 N. M. 711, 107 Pac. xi), providing that, if appellant, or plaintiff in error, shall not procure the cause to be docketed on or before the third day of the term at which the return shall be made, the appellee, or defendant in error, may, on motion, have the cause docketed, and the appeal or certiorari dismissed, or, at his election, he may have the judgment of the justice court affirmed, is in aid of and supplemental to the statute (section 3222) making it the duty of the justice of the peace to file a transcript of his docket, together with the papers in the cause, with the clerk of the district court in all appeal cases, and section 3223, making it the duty of the clerk of the district court to docket the cause, and is therefore not in conflict with such statutory provisions, and not invalid.    P. 505

2. The right to appeal from the district court to the Supreme Court inheres in any party aggrieved from the entry of any final judgment in any civil action, including default judgments, providing such appeal is prosecuted within six months.                                    P. 507

Appeal from District Court, Quay County; Leib, Judge.

Action by the M. B. Goldenberg Company against the El Paso & Southwestern Company. From a default judgment in the district court on appeal from a judgment in justice's court for plaintiff, defendant appeals. Affirmed.

Hawkins & Franklin, of El Paso, Tex., and Ed Mechem, of Alamogordo, for appellant. R. A. Prentice, of Tucumcari, for appellee.

## STATEMENT OF FACTS

On February 27, 1915, the appellee filed a complaint against appellant, in the justice court of precinct No. 1, Quay county, seeking to recover damages in the sum of $150. The cause was tried on March 8th following, and a judgment rendered against appellant in the sum of $150 and costs, from which judgment appellant prayed an appeal to the district court, filing an appeal bond, which was approved on March 10, 1915.

On April 8, 1915, appellee filed the transcript of record in the office of the clerk of the district court, and on May 7, 1915, obtained a certificate of nonappearance from the district clerk. On May 17th the district court entered a default judgment against appellant in the sum of $150, and costs of the justice court and the district court, from which judgment appellant prayed and was allowed an appeal to this court.

## OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above). [1] One assignment of error is presented by appellant's brief as follows:

"The trial court erred in rendering judgment against de-

fendant upon a certificate of non-appearance, and with their recital that the defendant had not perfected its appeal, because under section 3222 it was the duty of the justice of the peace on or before the first day of the term to file a transcript of his, docket, together with the papers in said cause, with the clerk of the district court, and, under section 3223, it was the duty of the clerk of the district court to docket said cause on or before the second day of said term, and the defendant was not in default by reason of failure of said officers to perform their duties."

Section 3222 provides that the justice of the peace shall file in the office of the clerk of the district court a transcript of all entries made in his docket relating to an appealed case, together with all the papers relating to the suit, on or before the 1st day of the next term of said court. Section 3223 provides that it is the duty of the clerk of the district court to docket all appeals from the justice court on or before the second day of the term. Appellant contends that there is nothing in the law relating to appeals from justice courts to the district courts requiring appellant to file a transcript and have the same docketed on or before the third day of the term; and that the statutes referred to make it the duty of the justice of the peace to file a transcript and the clerk to docket the same, and it is not the duty of appellant to procure the filing of the transcript. Appellant concedes that by rule 4 of the district court rules found in 14 N. M. 711, 107 Pac. xi, it is provided that in causes originating in probate courts or justice courts and brought into the district court by appeal or certiorari, if the appellant shall not procure the cause to be docketed on or before the third day of the term at which the return shall be made, the appellee, or defendant in error, may, on motion, have the same docketed and the appeal or certiorari dismissed, or, at his election, he may have the judgment below affirmed and judgment rendered for the same with costs against appellant, or plaintiff in error, and his sureties. As to this rule, appellant urges that it is in direct conflict with the provision of the statute, and that therefore the statutes should control, and the rule must be changed to conform therewith.

We cannot agree with this contention of appellant. The

rule is clearly in aid of the statutes, and not in conflict therewith. It in effect makes it the duty of appellant, or plaintiff in error, to see that the justice of the peace complies with the statute by filing his transcript, and puts the appellant, or plaintiff in error, upon notice that if this duty of the justice of the peace is not complied with, and the cause is not docketed in the district court, the appellee, or defendant in error, may, on motion, have the cause docketed, and the appeal or certiorari dismissed, or, at his election, the judgment affirmed. The statute did not afford the appellee, or defendant in error any relief in this respect, and we therefore conclude that the rule must necessarily be held to be in aid of the statute and not in conflict with it, and that, therefore, both may stand. In brief, our conclusion is that in appeals from a justice of the peace court to the district court rule 4 of the rules of practice for the district courts, providing that, if appellant, or plaintiff in error, shall not procure the cause to be docketed on or before the third day of the term at which the return shall be made, the appellee, or defendant in error may, on motion, have the cause docketed, and the appeal or certiorari dismissed, or, at his election, he may have the judgment of justice court affirmed, is in aid and supplemental to the statute (section 3222) making it the duty of the justice of the peace to file a transcript of his docket, together with the papers in the cause, with the clerk of the district court in all appeal cases, and of section 3222, making it the duty of the clerk of the district court to docket the cause, and is therefore not in conflict with such statutory provisions, and not invalid.

[2] In disposing of the case on its merits, we have not overlooked the motion of appellee to dismiss, which is based upon the ground that no appeal can be taken on a default judgment, but that the remedy is by motiton to set aside the judgment. In this appellee is clearly in error. By the provisions of our appellate procedure act as found in chapter 77, Laws 1915, and re-enacted in chapter 43, Laws 1917, being section 1 of the later act, it is provided:

"Within six months from the entry of any final judgment in any civil action, any party aggrieved may appeal therefrom to the Supreme Court of the state."

It is to be observed that this statute provides for appeals from any judgment, and does not exclude default judgments. This court, in passing upon a similar statute as to appeals from justice of the peace courts, held in the case of Faggard v. Cunningham, 18 N. M. 510, 138 Pac. 264, that the defendant may appeal from a default judgment rendered against him by a justice of the peace. The reasoning in that case would clearly apply.to the situation in the case at bar, and we conclude that the right to appeal from the district court to the Supreme Court inheres in any party aggrieved from the entry of any final judgment in any civil action, including default judgments, providing such appeal is prosecuted within six months.

For the reasons stated, we find no error in the record, and the judgment of the district court is therefore affirmed; and it is so ordered.

ROBERTS, J., concurring.    PARKER, J., not participating.