## JAMISON v. McMILLEN et al.

(No. 2404.    June 8, 1920.)

(Rehearing Denied July 1, 1920.)

### SYLLABUS BY THE COURT.

1.   Under section 4114, Code 1915, an objection that the complaint fails to state facts sufficient to constitute a cause of action can be raised at any tiime, and is not waived by failure to demur.   If the defendant fails to object to the complaint and litigates the material fact or facts omitted therefrom, he cannot after judgment raise the question as to the insufficiency of the complaint, and on appeal the complaint would be amended to conform to the facts proven on the trial.                                                  P. 233

2.   It is appellant's duty to see that the record is kept and certified so as to present the point which he desires to have the appellate court review, and, where he contends that the trial court erroneously held that his second amended complaint failed to state a cause of action, it is incumbent upon him to have such amended complaint incorporated into the record.                                                       P. 233

3.   In an action in ejectment the plaintiff is not required to anticipate the defendant's defense, but, if he does so, facts such as would show a title sufficiently strong to destroy such defense must be stated.                                    P. 235

Appeal from District Court, Bernalillo County; M. C. Mechem, Judge.

Action by H. B. Jamison, receiver for the Albuquerque Wool Scouring Mills, against A. B. McMillen, trustee for the First National Bank of Albuquerque, and others. Judgment for defendants, and plaintiff appeals. Affirmed.

H. B. JAMISON, of Albuquerque, for appellant.

A. B. McMILLEN, of Albuquerque, for appellees.

### OPINION OF THE COURT.

ROBERTS, J.   The judgment from which this appeal is taken is as follows:

"This day this cause came on to be heard.   Whereupon it was suggested that Pearce C. Rodey had resigned as receiver, and that H. B. Jamison had been appointed as his successor. It is therefore ordered that the said H. B. Jamison be and hereby is substituted as plaintiff in said cause.

"Thereupon, plaintiff moved to amend his complaint by striking out paragraph 5, to which motion the defendants by their counsel objected.

"Whereupon, the court having heard argument and being advised in the premises, it is ordered that said plaintiff be, and he hereby is, allowed to amend his complaint by striking out paragraph 5 thereof, to which order of the court the defendants excepted.

"Thereupon, the plaintiff having offered to introduce evidence, defendants objected to said introduction and demurrer to said complaint for the reason that the same does not state facts sufficient to constitute a cause of action.

"Whereupon the court, having heard argument and being fully advised in the premises, finds that said complaint does not state facts sufficient to constitute a cause of action, and that said demurrer ought to be sustained. It is therefore ordered that the said demurrer be, and the same hereby is, sustained, to which order and judgment of the court the plantiff excepts.

"Thereupon, on application of plaintiff, he was allowed to amend his complaint, and said demurrer being renewed as to said complaint as amended, and having been argued by counsel and submitted to the court, the court finds that said complaint as amended does not state facts sufficient to constitute a cause of action, and that said demurrer ought to be sustained.

"It is therefore ordered that said demurrer be, and the same hereby is, sustained, to which order of the court the plaintiff excepted.

"And thereupon, the plaintiff declining to further amend, and electing to stand upon his said complaint, it is ordered that said complaint be, and the same hereby is, dismissed, and that defendant recover from plaintiff its costs to be taxed, to which judgment of the court the said plaintiff excepted."

No written demurrer appears in the record, and the appellant claims that there is no warrant in the Code for an oral demurrer to a complaint. Appellees argue that the objection that the complaint fails to state facts sufficient to constitute a cause of action may be raise at any time and in any appropriate manner that may direct the court's attention to the point of objection; that in this case it was raised by objecting to the introduction of evidence and by the oral demurrer. Appellant replies with the statement that the objection to the introduction of evidence and oral demurrer were insufficient, because

they do not specifically point out wherein the complaint failed to state a cause of action, which it is contended was necessary under the rule announced in the case of Bank of Commerce v. Western Union Tel. Co., 19 N. M. 211, 142 Pac. 156, L. R. A. 1915A, 120. In that case the matter was raised only by objection to the introduction of evidence on the ground that the complaint failed to state facts sufficient to constitute a cause of action, and the objection was overruled. The evidence later adduced clearly established a cause of action. The rule there announced would have no application to a case where the trial court sustained the objection, and in no event could it be held applicable to this case, for there is no bill of exceptions showing the objection interposed. So far as appears, the court might have been fully informed by specific objection interposed by counsel for appellees.

(**1**) Under section 4114, Code 1915, an objection that the complaint fails to state facts sufficient to constitute a cause of action can be raised at any time and is not waived by failure to demur. If the defendant fails to object to the complaint and litigates the material fact or facts omitted therefrom, he cannot after judgment raise the question as to the insufficiency of the complaint, and on appeal the complaint would be amended to conform to the facts proven on the trial. Canavan v. Canavan 17 N. M. 503, 131 Pac. 493, Ann. Cas. 1915B, 1064.

(**2**) Appellees contend that there is nothing here for this court to review because the second amended complaint does not appear in the transcript. The judgment set out shows that appellant filed one amended complaint and was given leave to file another amended complaint. The judgment was entered on the 12th day of December, 1918. The record here shows a complaint which the clerk certifies was filed on the 24th day of April, 1918. On the margin of this complaint paragraph 5 has a notation, "Out by amendment." The complaint is numbered beginning with paragraph 1 and continuing down to and including paragraph 5. There

is a paragraph shown as paragraph "1A." Appellant says that paragraph 1A was inserted by interlineation pursuant to the leave given by the court to file the second amended complaint, but there is nothing to show this fact save the statement of counsel for appellant. Of course, transcripts of record are established only by the signature of the clerk under seal of the court. Counsel for appellant perhaps is correct in his assertion, but it would be rather a novel way of establishing a record to do so by the assertion of one counsel, not denied by the other. It was appellant's duty to see that the record was kept and certified so as to present the point which he desired to have the court review. In the absence of the amended complaint to which the motion and demurrer was addressed, we would, of course, be required to assume that the action of the trial court was justified. But, even if we should accept appellant's statement as to the second amended complaint, the action of the trial court would necessarily be upheld, because the complaint does not state facts sufficient to constitute a cause of action in ejectment, which appellant contends was the theory of the complaint after paragraph 5 was stricken out. With paragraph 5 in the complaint, it would be hard to determine just what object the pleader had in view. Paragraph 4 reads as follows:

"That the defendant A. B. McMillen, purporting to act as trustee for the First National Bank of Albuquerque, a corporation, under an alleged deed of trust claimed to have been executed by the Albuquerque Wool Scouring Mills, a corporation, recorded on the 11th day of January, 1913, in Volume 12 at page 134 of Trust Deed Record for the County of Bernalillo, did on the 2d day of August, 1916, take possession of the property heretofore described and commenced the advertisement of the same for sale, said sale to be held on the 5th day of September, 1916, as this plaintiff alleges on information and belief, and that thereafter the said A. B. McMillen, purporting to act as such trustee for the First National Bank of Albuquerque, a corporation, under and by virtue of such deed of trust, alleged to have been made by the Albuquerque Wool Scouring Mills, a corporation, to secure certain alleged notes to the First National Bank of Albuquerque in a sum aggregating $43,000, did purport to transfer by deed dated September 19, 1916, and recorded in Book 56 at page 494 of the Records of Bernalillo County, the above-described premises to the First National Bank of Albuquerque, a cor-

poration, which said First National Scouring Mills of Albuquerque, or its agent or lessee, the Wool Scouring Mills of Albuquerque, defendant herein, has since the 5th day of September, 1916, entered into possession of said premises, and unlawfully witholds possession thereof from this receiver, who is legally entitled thereto, and that by reason of such unlawful possession and use of the premises herein described, this plaintiff was damaged in a large amount, which sum cannot be ascertained without an accounting from the defendants herein, but said damage is not less than $1,800."

(3) Accepting appellant's argument that the relief sought was ejectment, it will be seen that appellant sets up the claim of appellees and wholly fails to show the invalidity thereof. In an action in ejectment, the plaintiff is not required to anticipate the defendant's defense, but, if he does so, facts such as would show a title sufficiently strong to destroy such defense must be stated. 15 Cyc. p. 96. Here the complaint set up the basis of appellees' claim to the right of possession and failed to show its invalidity. Under no view of the case was the judgment of the trial court wrong.

The judgment is affirmed; and it is so ordered.

PARKER, C. J., and HOLLOMAN, District Judge, concur.