[No. 3272.   Dec. 18, 1928.]

HIGNETT v. ATCHISON, T. & S. F. RY. CO.

[274 Pac. 44.]

Holt & Holt, of Las Cruces, and Reid, Hervey & Iden, of Albuquerque, for appellant.

J. H. Paxton, of Las Cruces, for appellee.

## OPINION OF THE COURT

BICKLEY, J.   Appellee filed an affidavit in the justice of the peace court alleging that appellant had killed his horse, by reason of which it owed appellee $175.   Summons was issued in which the constable was commanded to summon the appellant to answer a civil action more fully described in the attached affidavit, in a plea of damages.   The return recites service of the summons on the agent of the appellant, railroad company.

The record shows that the case was postponed by agreement on three separate occasions; that hearing was had in which evidence was introduced, and argument made by counsel for plaintiff (appellee) and for defendant (appellant) by its claim agent.   Judgment was rendered in favor of plaintiff in the sum of $100 and costs.   Notice of appeal was given, appeal bond was filed by appellant and

approved by the court, and said cause "passed to the September term of the 3d Judicial Court at Las Cruces, N. Mex."

A transcript of the proceedings in the justice of the peace court and the appeal bond were duly transmitted from the justice of the peace court to the district court. On March 26, 1927, the cause came on for hearing, upon the motion of appellee for the affirmance of the judgment rendered in the justice of the peace court. The court found, among other things, that the appellant had failed to procure the docketing of its appeal in the district court, and that appellee had procured the docketing of said appeal and paid the clerk's fee for said docketing, and the court thereupon granted the motion of appellee and affirmed the judgment.

Attack is made on the judgment because it is said neither the summons nor affidavit attached to same did not contain the names of the parties and did not state a cause of action. It may be true that a summons might be so fatally defective on account of omission of some statutory requisite that the court would acquire no jurisdiction over the defendant; but, in the case at bar, the defendant appeared generally by agreeing to continuances and by participating in the hearing in the justice of the peace court, and, when it took an appeal and filed its appeal bond, it in effect entered its appearance in the district court. See Pickering v. Palmer, 18 N. M. 473, 138 P. 198, 50 L. R. A. (N. S.) 1055. We hold that the court had jurisdiction of the parties.

Appellant's second proposition is that the proceedings are fatally defective because neither the summons nor affidavit stated a cause of action. There seems no doubt that the affidavit attached to the summons and referred to therein may be considered together. Thus considered, the statement of facts is sufficiently specific to bar another action, and that is all that is required under the justice of the peace practice, which requires that the summons set forth "the nature of the action," and which permits the parties to plead orally, and does not require formal written pleadings. See sections 3184, 3189, N. M.

Statutes, Annotated, Code 1915; Damhorst v. Mo. Pac. Ry. Co., 32 Mo. App. 350; Crolot v. Maloy, 2 N. M. 198.

Furthermore, the matters involved were litigated in the justice of the peace court without objection to the alleged insufficiency of the statement as to the nature of the cause of action, and the judgment was affirmed by the court by virtue of the rules thereof, so that it would be too late to now raise the objection as to such alleged insufficiency. See Jamison v. McMillen, 26 N. M. 231, 190 P. 726.

In the district court the affirmance of the judgment was had by virtue of rule 4 of practice for district courts.   14 N. M. 711, 107 P. xi.

It is claimed by appellant, however, that said rule contravenes article 6, § 27, of our state Constitution and section 324, Code 1915.

In Goldenberg Co. v. El Paso & S. W. Co., 23 N. M. 504, 169 P. 476, we held:

(1)  "In appeals from a justice of the peace court to the district court, rule 4 of the rules of practice for the district courts (14 N. M. 711, 107 P. xi), providing that, if appellant, or plaintiff in error, shall not procure the cause to be docketed on or before the third day of the term at which the return shall be made, the appellee, or defendant in error, may, on motion, have the cause docketed, and the appeal or certiorari dismissed, or at his election, he may have the judgment of the justice court affirmed, is in aid of and supplemental to the statute (section 3222) making it the duty of the justice of the peace to file a transcript of his docket, together with the papers in the cause, with the clerk of the district court in all appeal cases, and section 3223, making it the duty of the clerk of the district court to docket the cause, and is therefore not in conflict with such statutory provisions, and not invalid."

And we now hold that said rule is not in conflict with the provisions of the Constitution and statutes cited by appellant.

Finding no error in the record, the judgment is affirmed, and the cause remanded, and it is so ordered.

PARKER, C. J., and WATSON, J., concur.