374 P.2d 284

**Marsha EDWARDS, Plaintiff-Appellant,**

v.

**James A. WILEY, Sr., and A. B. Swan, d/b/a Swan Motor Co., Defendants-Appellees.**

No. 6917.

Supreme Court of New Mexico.

Aug. 31, 1962.

Menig & Garcia, Albuquerque, for appellant.

Louis J. Vener, Albuquerque, for appellees.

CARMODY, Justice.

In this case, appellant sought damages from appellee, a justice of the peace, for a wrongful attachment. The appeal is from the trial court's granting summary judgment in favor of the appellee.

Appellant concedes the correctness of the rule of judicial immunity for errors committed in the performance of judicial acts within a court's jurisdiction, but contends that the appellee justice of the peace is civilly liable for his actions in a case where he either had no jurisdiction or exceeded the jurisdiction.

The claim of lack of or exceeding jurisdiction is based upon two propositions: (1) The fact that the attachment bond in the

initial case was only an incomplete form, signed by the complainant, having attached to it complainant's check in the sum of $400.00; and (2) that the notice of suit was not completely filled out, in failing to specify a time or hour for appearance and answer.

Admittedly, the bond did not comply with the provisions of § 36–7–2, N.M. S.A.1953, which requires that there shall be a bond in double the amount claimed, with two or more sureties, before the justice of the peace shall issue an attachment. Does the failure to require such a bond amount to taking the case outside of the jurisdiction of appellee, so that his judicial immunity is removed? We think not, under the circumstances of this case. Even though improper, the acceptance and approval of the bond was only an error, subject to correction or review. It was the exercise of a judicial function by appellee, in a case over which he had authority to act. See Yelton v. Becker (Mo.App.1952), 248 S.W. 2d 86; Kenney v. Fox (W.D.Mich.1955), 132 F.Supp. 305, aff'd, 232 F.2d 288 (6th Cir.1956), cert. denied, Kenney v. Killian, 1956, 352 U.S. 855, 77 S.Ct. 84, 1 L.Ed.2d 66, cert. denied, Kenney v. Hatfield, 1956, 352 U.S. 856, 77 S.Ct. 84, 1 L.Ed.2d 66; Griffin v. Connally (S.D.Tex.1955), 127 F. Supp. 203; Francis v. Lyman (D.Mass. 1952), 108 F.Supp. 884, aff'd, Francis v. Crafts (1st Cir.1953), 203 F.2d 809, cert. denied, 1953, 346 U.S. 835, 74 S.Ct. 43, 98

L.Ed. 357; Niklaus v. Simmons (D.C.Neb. 1961), 196 F.Supp. 691. In this connection, it is of interest to note that in State ex rel. Heron v. District Court of First Jud. Dist., etc., 1942, 46 N.M. 296, 128 P.2d 454, wherein it was contended that an appeal bond from the justice-of-the-peace court to the district court was defective, we made the following observation:

" * * * It is pertinent to remark, however, that where the question is *simply one whether the bond filed was properly executed, justified, acknowledged or approved; whether it is in the proper amount and conditioned as required by law; whether the appeal was docketed in time;* or whether compliance with certain other procedural requirements was full and complete or substantially so—all are questions which call for the exercise of judicial discretion by a court having jurisdiction. * * * "

With respect to the notice of suit being incomplete as to the time or hour for return, it is apparent from the record that at least it was sufficient notice to enable appellant's attorney to appear before appellee to timely move for a release of the attachment. Thus, it is somewhat difficult to comprehend how it can be claimed that such omission was jurisdictional, for, at the most, the failure to complete the notice might have prevented the taking of personal jurisdiction over the appellant, and this de-

ficiency was waived when appellant's attorney entered a general appearance by moving to quash the attachment. Waldo v. Beckwith, 1854, 1 N.M. 97; Hignett v. Atchison, T. & S. F. Ry. Co., 1928, 33 N.M. 620, 274 P. 44; In re Hickok's Will, 1956, 61 N.M. 204, 297 P.2d 866.

We approve the rule that judicial officers are not liable for the erroneous exercise of the judicial powers vested in them, but that they are not immune from liability where they act wholly in excess of their jurisdiction. See, Douthitt v. Bailey, 1908, 14 N.M. 530, 99 P. 342; and Vickrey v. Dunivan, 1955, 59 N.M. 90, 279 P.2d 853. See, also, Shaw v. Moon, 1926, 117 Or. 558, 245 P. 318, 45 A.L.R. 600; Hoppe v. Klapperich, 1947, 224 Minn. 224, 28 N.W. 2d 780, 173 A.L.R. 819; Morris v. Nowotny (Tex.Civ.App.1959), 323 S.W.2d 301; Frazier v. Moffatt, 1951, 108 Cal.App.2d 379, 239 P.2d 123; Farish v. Smoot (Fla. 1952), 58 So.2d 534.

As is well stated in Shaw v. Moon, supra:

"* * * There is a vast distinction between an erroneous exercise of authority and a usurpation of authority. It is not the policy of the law to subject courts of either limited or general jurisdiction to actions for damages, while acting within their jurisdiction, even though the judicial act be erroneous and not in good faith. * * *"

The appellee was acting on a matter admittedly within his jurisdiction, and although errors were committed, he is protected by the doctrine of judicial immunity. The cases which may seemingly be to the contrary, such as Shaw v. Moon, supra, involved facts where no jurisdiction ever attached, and there was "not even a colorable invocation of authority." See, also, Williams v. Kozak (4th Cir. 1922), 288 F. 373, and Hoppe v. Klapperich, supra. We approve of the statement made in Morris v. Nowotny, supra:

"That there may or may not have been procedural errors in the commitment of appellant is not material in this case. A judge is simply not civilly responsible in damages for his errors or mistakes. As to this the law has been well settled. * * *"

Although not made a point by appellant, it would seem that, underlying her argument, she would seek to have justice-of-the-peace courts placed in a different category than other courts in the state. To such an assertion we are not in sympathy, and let it suffice to say that we believe the following, from Hoppe v. Klapperich, supra, expresses the almost unanimous opinion of the courts, not only of this country but of England, on the subject:

"'It is unquestionable, and has been from the earliest days of the common law, that a judicial officer cannot be called to account in a civil action for his determinations and acts in his judicial capacity, however erroneous

or by whatever motives prompted.'
* * *

* * * * * *

"The rule of immunity * * * extends to all classes of courts and applies to the highest judge of the nation and to the lowest officer who sits as a court and tries petty cases * *."

From what has been said, we are of the opinion that the action of the trial court in granting summary judgment was proper. Affirmed.

IT IS SO ORDERED.

MOISE and NOBLE, JJ., concur.

COMPTON, C. J., and CHAVEZ, J., not participating.