**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CARLOS L. DIAZ, pro se, in his personal
capacity and in and for the estate of
Edmundo B. Diaz as brother and personal
representative of the estate,

     Plaintiff - Appellant,

v.

GARY KING, New Mexico Attorney
General; HONORABLE JAMES
LAWRENCE SANCHEZ; HONORABLE
ALLEN SMITH; HONORABLE VIOLET
OTERO; CHARLES SANCHEZ, Hearing
Officer; HONORABLE WILLIAM
SANCHEZ, all acting in a capacity as
officers of the court in and for the
Thirteenth Judicial District Court, Valencia
County, all acting under color of law and
performing duties as officers of the court,
in their judicial capacity, official capacity,
personal capacity; ELIAS BARELA,
Attorney; LAW OFFICE OF BARELA,

     Defendants - Appellees,

and

JEFF SESSIONS[*], United States Attorney
General; HONORABLE JAMIE BACA,
Probate Judge,

     Defendants.

No. 16-2227
(D.C. No. 1:14-CV-01086-KG-SCY)
(D.N.M.)

_____

[*] In accordance with Rule 43(c)(2) of the Federal Rules of Appellate
Procedure, Jeff Sessions is substituted for Loretta E. Lynch as the respondent in this
action

.

_____

**ORDER AND JUDGMENT**[**]

_____

Before **KELLY**, **MATHESON**, and **McHUGH**, Circuit Judges.

_____

Carlos L. Diaz got into a dispute with his late brother's partner, Nancy Barela, during the probate action following his brother's death. Ms. Barela accused Mr. Diaz of fathering her son, and sued him in New Mexico state court for a paternity test and child support. Dissatisfied with both the probate and paternity proceedings, Mr. Diaz filed this lawsuit against several judges involved in the actions, as well as a hearing officer, Ms. Barela's attorney, and others. The district court ultimately dismissed Mr. Diaz's claims against all defendants.

Liberally construing Mr. Diaz's pro se opening brief, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), it appears he makes three arguments. First, he argues the district court erred by dismissing his claims against two state judges, James Sanchez and Allen Smith, and a hearing officer, Charles Sanchez, on judicial immunity grounds. Second, he argues the district court erred by quashing service on Ms. Barela's attorney, Elias Barela, and his law office,

_____

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

and by subsequently dismissing Mr. Diaz's claims against them. And third, he argues the district court erred by denying his motion to recuse. We reject these arguments and affirm.

## I. Judicial Immunity

According to the amended complaint, James Sanchez and Allen Smith are New Mexico district court judges who presided over various aspects of the paternity suit. Charles Sanchez is a New Mexico hearing officer who conducted a hearing and recommended a paternity test. Mr. Diaz sued them for damages and injunctive relief under 42 U.S.C. § 1983 and New Mexico law claiming, among other things, that they violated his constitutional rights. The district court found they were entitled to judicial immunity, so it granted their motion to dismiss under Fed. R. Civ. P. 12(b)(6).

We review the district court's ruling de novo. *See Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016). We assume the facts alleged in the complaint are true and make all reasonable inferences in Mr. Diaz's favor. *See id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

As the district court explained, a judge is immune from damage suits unless (1) he did not act in his judicial capacity or (2) he acted "in the complete absence of all jurisdiction." *Stein v. Disciplinary Bd. of Sup. Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008) (internal quotation marks omitted). And "unless a declaratory

3

decree was violated or declaratory relief was unavailable," § 1983 does not allow injunctive relief against a judge acting in his judicial capacity. 42 U.S.C. § 1983. This immunity extends to "others who perform functions closely associated with the judicial process." *Dahl v. Charles F. Dahl, M.D., P.C. Defined Benefit Pension Tr.*, 744 F.3d 623, 630 (10th Cir. 2014) (internal quotation marks omitted). New Mexico law offers similar protection. *See Edwards v. Wiley*, 374 P.2d 284, 285 (N.M. 1962) ("[J]udicial officers are not liable for the erroneous exercise of the judicial powers vested in them, . . . [unless] they act wholly in excess of their jurisdiction."); *Hunnicutt v. Sewell*, 219 P.3d 529, 532 (N.M. Ct. App. 2009) ("[J]udicial immunity has been extended to various persons whose adjudicatory functions or other involvement with the judicial process have been thought to warrant protection . . . ." (internal quotation marks omitted)).

We agree with the district court that James Sanchez and Allen Smith are entitled to judicial immunity. The amended complaint acknowledges they acted in their judicial capacities, *see* R. Vol. 1 at 73, and includes no facts suggesting "a complete absence of all jurisdiction," *Stein*, 520 F.3d at 1195 (internal quotation marks omitted). Moreover, none of Mr. Diaz's claims relate to declaratory relief. *See* § 1983.

This immunity extends to Charles Sanchez, who performed well-established judicial functions like holding hearings and making recommendations, *see Butz v. Economou*, 438 U.S. 478, 513-14 (1978). Mr. Diaz admits Charles Sanchez acted in

4

his capacity as a hearing officer, *see* R. Vol. 1 at 73, and does not dispute the district court's finding that he did not exceed his jurisdiction.

Mr. Diaz's only argument on this issue is the conclusory assertion that the district court erred, and he cites no legal authority supporting his position. This is not enough to prevail on appeal. *See Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F.3d 1073, 1092 (10th Cir. 2006). We agree with the district court that these defendants are entitled to judicial immunity and affirm its order of dismissal.

## II. Service of Process

Mr. Diaz next challenges the district court order quashing service on Mr. Barela and his law office, as well as its subsequent order dismissing his claims against them without prejudice. Mr. Diaz accused Mr. Barela of conspiring with other defendants to violate his constitutional rights, but he had trouble serving Mr. Barela. It appears Mr. Diaz mailed a copy of the summons and amended complaint to Mr. Barela's law office by certified mail, but the envelope was returned marked "refused unable to forward." R. Vol. 1 at 223. A process server then went to the building where the office was located and served a woman who worked there, but the woman did not work for Mr. Barela and was not authorized to accept service on his behalf. The district court found these efforts did not satisfy the requirements for serving an individual or business under Fed. R. Civ. P. 4(e) and (h). It therefore quashed service and gave Mr. Diaz 30 days to re-serve Mr. Barela and his law office. When Mr. Diaz made no effort to do so, the district court dismissed his claims for untimely service under Fed. R. Civ. P. 4(m).

5

We review de novo whether Mr. Diaz's efforts to serve Mr. Barela and his law office satisfied the requirements of Fed. R. Civ. P. 4(e) and (h). *See Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995). But we review the dismissal of Mr. Diaz's claims for abuse of discretion. *See id.*

Mr. Diaz did not deliver copies of the summons and complaint to Mr. Barela, leave copies at his dwelling, deliver copies to an authorized agent, or properly serve Mr. Barela under New Mexico law. And Mr. Diaz does not argue he complied with New Mexico law for serving a business or that he delivered copies of the summons and complaint to an authorized agent of Mr. Barela's law office. So we agree with the district court that Mr. Diaz failed to satisfy the requirements for serving an individual or business. *See* Fed. R. Civ. P. 4(e), (h)(1).

Likewise, we see no error in the district court's subsequent order dismissing Mr. Diaz's claims against these defendants. If a defendant is not timely served, the district court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Mr. Diaz did not timely serve Mr. Barela or his law office,[†] and did not attempt to re-serve them after the district court gave him more

---

[†] Fed. R. Civ. P. 4(m) now requires service within 90 days after a complaint is filed, but prior to December 1, 2015, the time limit was 120 days. Mr. Diaz filed his amended complaint on December 29, 2014. The district court quashed service on August 4, 2015, and dismissed Mr. Diaz's claims against Mr. Barela and his law office on January 21, 2016—more than a year after the complaint was filed and more than 120 days after advising Mr. Diaz why his initial attempts at service failed.

6

time and thoroughly explained why his initial efforts were unsuccessful. Mr. Diaz does not argue he established good cause for failing to serve these defendants within the time limit. Under the circumstances, the district court's decision to dismiss Mr. Diaz's claims was entirely reasonable. *See Front Range Equine Rescue v. Vilsack*, 844 F.3d 1230, 1233 (10th Cir. 2017) (A district court abuses its discretion when it "enters an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." (internal quotation marks omitted)).

### III. Motion to Recuse

Lastly, Mr. Diaz challenges the district court's order denying his motion to recuse. According to his motion, the district court judge had a duty to recuse because his prior position as the United States Attorney for the District of New Mexico somehow rendered him biased in favor of the New Mexico Attorney General, who was a named defendant. The district court rejected this argument, finding that no reasonable person who understood the circumstances would doubt the judge's impartiality.

We review the denial of a motion to recuse for an abuse of discretion. *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). A judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This is true when "a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Mendoza*, 468 F.3d at 1262 (internal quotation marks omitted). It takes more than speculation or suspicion of bias to require recusal. *See United States v. Cooley*, 1 F.3d 985, 993

7

(10th Cir. 1993).  And prior adverse rulings or the judge's familiarity with a defendant are not enough.  *See id*. at 994.

Mr. Diaz cites no facts supporting his argument, and he does not explain why the judge's prior position as a United States Attorney would cause a reasonable person to doubt his impartiality in a case involving the New Mexico Attorney General.  To the extent Mr. Diaz's accusations are based on the judge's rulings against him, this is not enough to warrant recusal.  Under the circumstances, the district court did not abuse its discretion by denying Mr. Diaz's motion.

## IV. Conclusion

We affirm.

Entered for the Court


Carolyn B. McHugh
Circuit Judge