Kent L. MAXWELL, Plaintiff
and Appellant,

v.

Honorable Robert G. GIBSON, Judge of
the Salt Lake City Court of Salt Lake
County, State of Utah, Defendant and
Respondent.

No. 15284.

Supreme Court of Utah.

March 29, 1978.

Robert M. McRae, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Gregory L. Bown, Deputy Salt Lake County Atty., Salt Lake City, for defendant and respondent.

ELLETT, Chief Justice:

█ The defendant was arrested by campus police outside the University of Utah campus and was charged in the city court with the crime of driving a motor vehicle while under the influence of intoxicating liquor. He entered a guilty plea to this charge and was sentenced to pay a fine of $200.00, which sum he voluntarily paid. By paying the fine, he rendered moot all matters in connection with the case, for after judgment and a voluntary compliance therewith, there is nothing further to do with the matter.

In the case of *Madsen v. Kenner*[1] a defendant paid the fine assessed against him; and because the judge's order was not entirely clear, he sought a writ of certiorari to review the court proceedings below. This Court, in dismissing the writ, said:

> Without expressing any opinion as to whether the defendant had authority or jurisdiction to render the judgment shown by the record or as to the effect of the irregularities complained of; or as to whether the plaintiff had a speedy, plain, adequate remedy by appeal or otherwise at law, it is quite clear that the payment of the sums of money named in the alleged judgment as fine and costs determined the issues involved in the proceedings or action, which by virtue of such payment were at an end, and the alleged judgment thereby satisfied, and passed beyond review by certiorari.

The annotation in 18 A.L.R., p. 867 cites cases from many states holding as did this Court.

Although it is not necessary for the ruling in this case, we will touch upon other matters claimed herein as to clearing the appellant's name and refunding his $200.00.

█ Our Constitution prevents a defendant convicted of a misdemeanor in a city or justice court from appealing to the Supreme Court. He can appeal to the district court where he is entitled to a trial de novo and may there raise all questions of error. The ruling of the district court is final on all phases of the case, except that the validity of an ordinance or the constitutionality of a statute may be reviewed on appeal to the Supreme Court if it was raised at the district court hearing.

Some lawyers seek to circumvent the constitutional prohibition on appeal by attempting to loophole through the back door by way of a special writ. We are too busy to permit that sort of scheme, designed to get us to look for claimed errors in the trial in the justice court.

█ We are unable to see that there were any errors in this case. Whether the campus officers were authorized as such to arrest for offenses committed off the campus is of no importance. They are citizens and any citizen may arrest a person who commits a misdemeanor in his presence.[2] Besides, the question of who arrested a drunk driver has no bearing on the determination of guilt or innocence. In fact, there was nothing to determine about the crime as the appellant freely admitted his guilt in open court.

The appellant further asserts that the city court lacked jurisdiction to try the case and, therefore, all matters are void. This claim should have been made to the district court where the ruling would have been final and not subject to review by this Court.

█ Jurisdiction does not depend on the arrest. Our statute sets forth how jurisdiction is acquired (sections quoted are from U.C.A., 1953):

> 77–57–2 . . . Proceedings and actions before a justices' court for a public offense must be commenced by complaint under oath, setting forth the offense charged, with such particulars of time, place, person and property as to enable the defendant to understand distinctly the character of the offense complained of, and to answer the complaint.
> 77–11–1 . . . The complaint must state:
> (1) The name of the person accused, if known; or if not known and it is so

---

1. 4 Utah 3, 4 P. 992 (1884).

2. U.C.A., 1953, 77–13–4.

stated, he may be designated by any other name.

(2) The county in which the offense was committed.

(3) The general name of the crime or public offense.

(4) The acts or omissions complained of as constituting the crime or public offense named.

(5) The person against whom or against whose property the offense was committed, if known.

(6) If the offense is against the property of any person, a general description of such property.

However, in cases of public offenses triable upon information, indictment or accusation, the complaint, the right to a bill of particulars, and all proceedings and matters in relation thereto, shall conform to and be governed by the provisions of the new chapters 21 and 23 of Title 77, Utah Code Annotated 1953, as enacted by chapter 118, Laws of Utah, 1935.

The complaint must be subscribed and sworn to by the complainant.

There is no merit to the contention of appellant, and the petition is denied. No costs are awarded.

CROCKETT, J., concurs.

MAUGHAN, WILKINS and HALL, JJ., concur in result.