582 P.2d 806

**HUMANA OF NEW MEXICO, INC.,**
**Plaintiff-Appellant,**

v.

**BOARD OF COUNTY COMMISSIONERS**
**OF the COUNTY OF LEA, New**
**Mexico, Defendant-Appellee.**

No. 11599.

Supreme Court of New Mexico.

May 9, 1978.

Maddox, Maddox & Cox, Don Maddox, Hobbs, for plaintiff-appellant.

Thomas A. Rutledge, Asst. Dist. Atty., Carlsbad, for defendant-appellee.

### OPINION

SOSA, Justice.

A declaratory judgment action was brought by Humana of New Mexico, Inc. (Hospital) seeking a declaration of the rights and responsibilities of the Hospital and the Board of County Commissioners of the County of Lea, New Mexico (Board) under the Indigent Hospital Claims Act (Act). §§ 13–2–12 et seq., N.M.S.A.1953 (Repl.1976).

The Hospital in its petition alleged that since March 6, 1974, it had met and corresponded with the Board to arrive at some understanding concerning the methods and procedures to be followed by the Board in paying indigent claims. The Hospital also claimed that at the Board's insistence it had adopted procedures and expended large sums of money; that the Board had only made token payments of the amounts claimed by the Hospital; and that the Board had arbitrarily refused to pay all legal claims submitted.

The Board in its amended answer set up as an affirmative defense that "indigent patient" as defined in the Act, § 13–2–15(B), N.M.S.A.1953 (Repl.1976) was violative of N.M.Const. art. 9, § 14.

After briefs were submitted, the trial court entered its declaratory judgment finding that the portion of the Act which provides for the counties to pay hospital claims for individuals defined as "indigent patients" under the Act is in violation of N.M.Const. art. 9, § 14 and that such definition is also vague and overbroad. The trial court also found that the definition of "indigent patients" under the Act is severable from the remainder of the Act. The Hospital appealed this decision.

Section 13–2–15(B) defines "indigent patient" as:

[A] person who has been admitted to a hospital for care, and who can normally support himself and his dependents on present income and liquid assets available to him but taking into consideration this income and those assets, and his requirement for other necessities of life, for himself and his dependents, is a person who is unable to pay the cost of the hospital care administered; the term includes a minor who has been admitted to a hospital for care, and whose parent or the person having his custody is normally able to support the minor on present income and liquid assets available, but, taking into consideration this income and those assets and the requirements for necessities of life for himself and for his dependents, is a person who cannot pay the hospital cost of the minor's care.

This definition is attacked as being vague and overbroad. The appellee contends that the constitution mandates that individuals to be entitled to governmental aid should be poor, without maintenance, and subjects of charity.

New Mexico Constitution, art. 9, § 14 provides:

Neither the state, nor any county, school district, or municipality, except as otherwise provided in this Constitution, shall directly or indirectly lend or pledge its credit, or make any donation to or in aid of any person, association or public or private corporation, or in aid of any private enterprise for the construction of any railroad; *Provided nothing herein shall be construed to prohibit the state or any county or municipality from making provision for the care and maintenance of sick and indigent persons.*

It is urged upon us that the construction to be given to "sick" and "indigent" in our constitution is the construction that was intended by the people who drafted and adopted the constitution at the time of enactment. It is further urged that the intent was to prohibit governmental aid to private enterprises or individuals except in those cases where a person was "sick" *and* "indigent" and that this required a person to be poor and without maintenance and subject to charity.

The appellee further contends that the definition of "indigent patient" under § 13–2–15(B) is overly broad and allows persons who are not poor to obtain assistance and thus is contrary to N.M.Const. art. 9, § 14. It continues to assert that the statute is so vague that persons of common intelligence must necessarily guess at its meaning. *State v. Orzen,* 83 N.M. 458, 493 P.2d 768 (Ct.App.1972).

At the outset, we must state that "[e]very presumption is to be indulged in favor of the validity and regularity of legislative enactments, and they will not be declared unconstitutional unless the court is satisfied beyond all reasonable doubt that the Legislature went outside the Constitution in enacting them." *Board of Trustees of the Town of Las Vegas v. Montano,* 82 N.M. 340, 343, 481 P.2d 702, 705 (1971).

To follow the reasoning advanced by the appellee would be to say that our constitution would have to be interpreted in the 21st century as it was in 1912 leaving no room for contemporaneous construction. It would also mean that the document would not cover many cases or transactions that were not in existence at the time of the constitution's enactment.

The term "poor" in 1912 may have meant penniless but in 1978 it ought to include persons on welfare who barely eek out an existence. Under appellee's interpretation, poor persons today could never qualify for hospital aid because welfare assistance brings them above the penniless state.

■ Constitutional law, to some extent, can be likened to a progressive science. *Holden v. Hardy,* 169 U.S. 366, 18 S.Ct. 383, 42 L.Ed. 780 (1898). Words employed in a constitution are not necessarily static in meaning but grow and change as the conditions of modern society and knowledge grow and change through the passage of years. *State v. Cannon,* 55 Del. 587, 190 A.2d 514 (1963).

■ We, therefore, find that contemporaneous construction of constitutional provisions—especially in regards to economic matters—is not only proper, but necessary to give life to the constitution in today's society. The constitution is not amended by a contemporaneous interpretation. What occurs is that passage of time does not in and of itself amend the constitution, although it does amend the factual problems, both human and physical, to which the constitution applies contemporaneously.

It has been generally stated that contemporaneous construction of a constitutional provision by the legislature, continued and followed, is a safe guide as to its proper interpretation, and should not be departed from unless manifestly erroneous. There is a strong presumption that such contemporaneous construction rightly interprets the meaning and intention of a constitutional provision.

16 Am.Jur.2d *Constitutional Law,* § 85 (1964).

■ Therefore, we hold that the Legislature's definition of "indigent patient" in § 13–2–15(B) is not unconstitutional under N.M.Const. art. 9, § 14. *See Goodall v. Brite,* 11 Cal.App.2d 540, 54 P.2d 510 (1936) (adopting a substantially similar definition of the word "indigent" as enacted by our Legislature). Nor do we find it vague or overbroad.

This issue being dispositive of the case, there is no need to consider whether or not the Act is severable.

For the foregoing reason the lower court is reversed and the case is remanded to it for further proceedings not inconsistent herewith.

McMANUS, C. J., and PAYNE, J., concur.