718 P.2d 686

**STATE of New Mexico, Petitioner,**

v.

**Eugene Martin BALL, Respondent.**

No. 15755.

Supreme Court of New Mexico.

April 24, 1986.

Sosa, Senior Justice, dissented and filed opinion.

Walters, J., dissented and filed opinion.

Paul Bardacke, Atty. Gen., Elizabeth Major, Asst. Atty. Gen., Dennis Romero, Sp. Asst. Atty. Gen., Santa Fe, for petitioner.

Jacquelyn Robins, Chief Public Defender, Mark Shapiro, Asst. Public Defender, Albuquerque, for respondent.

## OPINION

STOWERS, Justice.

Each defendant entered either a plea of guilty or nolo contendere to misdemeanor charges in metropolitan court. Found guilty and sentenced by the metropolitan court, each defendant appealed to district court, seeking a trial de novo. The district court dismissed their appeals, and defendants appealed to the Court of Appeals. The Court of Appeals held unconstitutional NMSA 1978, Subsection 34–8A–6(C) (Repl. Pamp.1981), and NMSA 1978, Metro. Rule 71(a) (Repl.Pamp.1985), which limit to "aggrieved" defendants appeals from metropolitan court judgments. It held that N.M. Const. art. VI, Section 27 guarantees appeals to unaggrieved defendants as well, and reversed and remanded each case for trial de novo in district court.

We granted certiorari, and now reverse the Court of Appeals decision.

This case presents the following issues:

(1) Does Subsection 34–8A–6(C), which permits "[a]ny person aggrieved by any judgment rendered by the metropolitan court" to appeal to the district court, and does the similar language of Metro.Rule 71(a) impermissibly abridge the right of appeal guaranteed by N.M. Const. art. VI, Section 27?

(2) Does the right of appeal from judgments rendered by the metropolitan court extend to the five defendants in this case who entered pleas of guilty or nolo contendere to misdemeanor charges in metropolitan court?

(3) Does the right of appeal from judgments rendered by the metropolitan court extend to defendant Ball, who, pursuant to an oral plea and disposition agreement, pleaded guilty in exchange for a sentencing recommendation by the prosecutor which was rejected by the metropolitan court?

We hold that the constitutional guarantee of the right of appeal was intended by its framers to extend only to persons aggrieved by judgments of inferior courts, and that none of these defendants is such an aggrieved person entitled to a de novo trial on appeal.

## I. Constitutional and Statutory Provisions.

N.M. Const. art. VI, Section 27 states: "Appeals shall be allowed in all cases from the final judgments and decisions of the probate courts and other inferior courts to the district courts, and in all such appeals, trial shall be had de novo unless otherwise provided by law."

Subsection 34–8A–6(C) provides that:

Any person *aggrieved* by any judgment rendered by the metropolitan court may appeal to the district court of the county in which such judgment has been rendered within fifteen days after entry of the judgment. All criminal trials upon appeal from the metropolitan court shall be de novo unless otherwise specified by supreme court rule. (Emphasis added.)

This Court similarly has provided appellate procedures for "aggrieved" defendants in Metro.Rule 71(a) and NMSA 1978, Metro. Rule 71(i) (Repl.Pamp.1985).

It is the duty of this Court to uphold statutes unless it is satisfied beyond all reasonable doubt that the Legislature went outside the Constitution in enacting the challenged legislation. *Espanola Housing Authority v. Atencio,* 90 N.M. 787, 788, 568 P.2d 1233, 1234 (1977). Our first task is to interpret the scope of the constitutional right of appeal given by N.M. Const. art. VI, Section 27.

## II. Court of Appeals Interpretation of N.M. Const. art. VI, Section 27.

In concluding that Subsection 23–8A–6(C) and Metro.Rule 71(a) unconstitutionally

abridge the right of appeal granted by N.M. Const. art. VI, Section 27, the Court of Appeals examined its precedents, which focused attention upon the phrase "unless otherwise provided by law," and upon the Legislature's power to alter the right of appeal. *See* N.M. Const. art. VI, § 27. Those precedents, like the Court of Appeals decision in this case, failed to examine the constitutional meaning of "appeals."

In *City of Albuquerque v. Sanchez,* 81 N.M. 272, 466 P.2d 118 (Ct.App.1970), the court held that defendants who pleaded guilty to misdemeanor charges in municipal court were entitled to appeal to district court for trials de novo. As the Court of Appeals in this case observed, the *Sanchez* court rested its decision upon NMSA 1953, Section 21–10–1 (Cum.Supp.1969), which provided that "[a]ll appeals from inferior tribunals to the district courts shall be tried anew in said courts on their merits, as if no trial had been had below, except as otherwise provided by law." In dictum, however, the *Sanchez* court concluded that the Legislature might limit appeals after guilty pleas, for the language of N.M. Const. art. VI, Section 27 authorized "legislative therapy" to change the right granted. *Sanchez,* 81 N.M. at 273, 466 P.2d at 119. After the enactment of Subsection 34–8A–6(C), which in pertinent part provides that "[a]ny person aggrieved by any judgment rendered by the metropolitan court may appeal to the district court ...," the Court of Appeals held that "legislative therapy [had] taken place" and that a party must be aggrieved in order to take an appeal from metropolitan court to district court. *State v. Bazan,* 97 N.M. 531, 534, 641 P.2d 1078, 1081 (Ct.App.), *cert. denied,* 97 N.M. 483, 641 P.2d 514 (1982) (alternate holding).

■ The Court of Appeals in the case now before us reviewed its precedents and concluded that the *Sanchez* suggestion, followed in *Bazan,* that the Legislature is authorized to change the right of appeal, was inaccurate. It correctly interpreted the phrase "unless otherwise provided by law" in N.M. Const. art. VI, Section 27 as authorization for legislative changes in the procedural form of appeals from de novo to appellate, not in the substantive right of appeal.

■ The Court of Appeals then turned to the phrase "[a]ppeals shall be allowed in all cases" in N.M. Const. art. VI, Section 27. Focusing on the words "in all cases," it concluded that by limiting the right of appeal to aggrieved persons, Subsection 34–8A–6(C) diminished impermissibly the constitutional right to appeal. This Court rejected a nearly identical argument as "wholly without merit" many years ago in *Levers v. Houston,* 49 N.M. 169, 174, 159 P.2d 761, 764 (1945) (statutory time limitations).

The Court of Appeals decision erred in its analysis of N.M. Const. art. VI, Section 27 because it completely failed to consider the meaning of "appeals" in that provision. We must examine the intention of the Constitution's framers in order to define the right of appeal they guaranteed by the adoption of N.M. Const. art. VI, Section 27.

### III. Meaning of "appeal" in N.M. Const. art. VI, Section 27.

No New Mexico case expressly has determined the scope and limitations of the right of appeal guaranteed to criminal defendants by N.M. Const. art. VI, Section 27. The alternate holding of the Court of Appeals in *Bazan* presents the most thorough examination of the issue. Quoting N.M. Const. art. VI, § 27, as well as NMSA 1978, Sections 39–3–1 and 34–8A–6, and NMSA 1978, Metro.Rule 71, the Court of Appeals held that whether the defendant was "aggrieved" was a threshold question to any decision regarding his right to appeal. *Bazan,* 97 N.M. at 533–34, 641 P.2d 1080–81.

Our other cases have relied upon the statutes, not the constitutional provision. *Sanchez* purported to find a statutory right to appeal for a trial de novo after entering a guilty plea in an inferior court. *Sanchez,* 81 N.M. at 273, 466 P.2d at 119. Prior to the adoption of New Mexico's Constitution, the Territorial Supreme Court in dictum commented that the statute then in effect

gave the right to appeal for a trial de novo to a person who entered a plea of guilty before a justice of the peace. *Douthitt v. Bailey*, 14 N.M. 530, 535, 99 P. 342, 343 (1908) (a criminal case decided under NMSA 1897, § 3305). The *Douthitt* dictum was cited in more dictum in *Faggard v. Cunningham*, 18 N.M. 510, 512, 138 P. 264, 264 (1914), a civil case decided under the same statute and without discussion of the recently adopted N.M. Const. art. VI, Section 27.

### A. Interpretation of Constitutional Language.

■ The ordinary definition of an appeal, a resort to a superior court to review the decision of an inferior court, *Black's Law Dictionary* 88 (rev. 5th ed. 1979), does not adequately describe the appeal in issue here. Indeed, we have distinguished the appeal addressed by N.M. Const. art. VI, Section 27 and the statutes regarding inferior courts from the dictionary meaning, and have described it as the removal of a cause from the inferior to a superior court. *Lea County State Bank v. McCaskey Register Co.*, 39 N.M. 454, 459, 49 P.2d 577, 579–80 (1935); *see also In re Ortiz's Estate*, 31 N.M. 427, 429, 246 P. 908, 909 (1926). When constitutional language is not defined within the Constitution, resort to the rules of statutory construction is appropriate. *State ex rel. Wood v. King*, 93 N.M. 715, 718, 605 P.2d 223, 226 (1979). There is an ambiguity in the constitutional language which we must resolve in accordance with those rules. *See New Mexico State Board of Education v. Board of Education*, 95 N.M. 588, 590, 624 P.2d 530, 532 (1981).

Our interpretation of the Constitution must not be too literal, for it is our duty to give effect to the spirit and intent of the Constitution's framers. *Board of County Commissioners v. McCulloh*, 52 N.M. 210, 215–16, 195 P.2d 1005, 1008 (1948). The framers' knowledge, actual or constructive, of the laws in force at the time the Constitution was adopted amounts to a practical construction of the constitutional language,

a construction to which we must give great weight. *State v. Campbell*, 75 N.M. 86, 94, 400 P.2d 956, 962 (1965).

### B. Early Justice of the Peace Statutes.

At the time the Constitution was adopted, many of New Mexico's statutes regarding justices of the peace and magistrates had been enacted by the comprehensive Act of January 13, 1876. 1875–76 N.M.Laws, ch. 27, §§ 1 to 124. The antecedents of that act may be traced to the Kearney Code of 1846 and to the Law of January 9, 1852, which gave the right to appeal to "[a]ny person aggrieved by any judgment rendered by any justice." *See* Kearney Code, Courts and Judicial Powers, §§ 9, 21, 22, 24, 43; Law of January 9, 1852, 1856 N.M.Rev.Stat., ch. 12, art. 4, § 101.

Section 74 of the Act of January 13, 1876, codified in NMSA 1897, Section 3305 at the time the Constitution was adopted, similarly provided that "[a]ny person aggrieved by any judgment rendered by any justice, may appeal by himself, his agent or attorney to the district court...." The Act of January 12, 1853, codified at NMSA 1897, Section 2897, required that all such appeals be tried de novo. Act of January 12, 1853, 1865 N.M.Rev.Stat., ch. 29, § 14. Section 94 of the 1876 Act, codified at NMSA 1897, Section 3339, provided that "[i]n all appeals taken from the sentences of justices of the peace, the appellant shall cause to be filed [in district court a transcript]...."

An early Supreme Court decision held that the former two provisions were applicable to civil cases only, and that the last provision gave the right of appeal in criminal cases. *Territory v. Lowitski*, 6 N.M. 235, 237–38, 27 P. 496, 497 (1891) (decided under NMSA 1884, § 2414). This distinction, however, was disregarded by the Court in 1908, when it upheld a criminal defendant's right to appeal as "any person aggrieved" pursuant to NMSA 1897, Section 3305. *Douthitt*, 14 N.M. at 534, 99 P. at 343.

## C. Enactment of N.M. Const. art. VI, Section 27 (1911).

At the time our Constitution was adopted in 1911, the justice of the peace statutes had been on the books, virtually unaltered, for thirty-five years, and had existed in some form throughout the Territory's history. *Douthitt* had permitted appeals by "aggrieved" criminal defendants, but no judicial decision had authorized appeals following pleas of guilty. The framers of the Constitution knew this was the state of the law when they drafted N.M. Const. art. VI, Section 27, and nothing in the brief record of the constitutional convention indicates that they intended to expand the existing right of appeal when they provided that "[a]ppeals shall be allowed in all cases."

The inference that the framers intended to extend the right of appeal only to aggrieved criminal defendants is reinforced by the contemporaneous construction [1] given N.M. Const. art. VI, Section 27 by the new state's legislators, many of whom had the opportunity to understand the framers' intentions. *See Campbell*, 75 N.M. at 94, 400 P.2d at 962. Contemporary legislators apparently felt that the adoption of the Constitution compelled no change in the laws regarding justices of the peace. The three critical statutory provisions cited above, NMSA 1897, Sections 3305, 2897, and 3339, reappeared unaltered in NMSA 1915, Sections 3220, 4529, and 3238, respectively. Virtually identical language appeared in the 1929, 1941, and 1953 compilations.[2]

## D. Amendment of N.M. Const. art. VI, Section 27 (1966).

The first significant reorganization of the statutes regarding justice of the peace courts occurred after N.M. Const. art. VI, Section 27 was amended to authorize appeals from the final judgments of "the probate courts and other inferior courts" rather than "the probate courts and justices of the peace." N.M. Const. art. VI, § 27 (1911, amended 1966). A mere sixteen months later, the Legislature abolished the office of justice of the peace, established the magistrate courts, and consolidated the statutory provisions for appeals. Act of February 26, 1968, 1968 N.M.Laws, ch. 62, §§ 1 to 172.[3] Under the heading "Appeals —Right of appeal," it provided that "[a]ny party aggrieved by any judgment rendered by the magistrate court in any civil action or special statutory proceeding, or the *defendant aggrieved* by any judgment rendered by the magistrate court in any criminal action, may appeal to the district court * * * * *" 1968 N.M.Laws, ch. 62, § 148, codified in NMSA 1953, § 36–15–1 (Cum. Supp.1969 & Repl.Pamp.1972 (emphasis added).

We view this provision governing magistrate courts, presently codified in NMSA 1978, Section 35–13–1, and the similar provision governing metropolitan courts at issue here, Subsection 34–8A–6(C), as restatements of a continuous, consistent interpretation of the right of appeal guaranteed by N.M. Const. art. VI, Section 27. *See also* NMSA 1978, Mun.R. 39(a) (Repl.Pamp.1985) (Municipal court appeals). For nearly one

---

1. "Contemporaneous construction" is here used to mean interpretation contemporary with the enactment of the constitutional provision. This is the common meaning and that of *Campbell*.

 More recently, this Court has used "contemporaneous construction" to mean interpretation of provisions of the 1911 Constitution in light of contemporary economic necessities. *Humana of New Mexico, Inc. v. Board of County Commissioners*, 92 N.M. 34, 36, 582 P.2d 806, 808 (1978).

2. *See* NMSA 1929, Sections 79–501, 105–2533, and 79–519, respectively; NMSA 1941, Section 38–1801, 19–1001, and 38–1808, respectively; and NMSA 1953, Sections 36–18–1, 21–10–1, and 36–18–8, respectively.

NMSA 1915, Section 4529; was formally repealed by Section 60 of the Act of March 18, 1917, 1917 N.M.Laws, ch. 43, § 60. Section 59 of that Act, however, reenacted substantially the same provision. 1917 N.M.Laws, ch. 43, § 59, codified in NMSA 1929, § 105–2533.

3. The Act repealed NMSA 1953, Sections 36–18–1 and 36–18–8, 1968 N.M.Laws, ch. 62, § 171, and enacted in their place NMSA 1953, Sections 36–15–1 and—2 (Repl.Pamp.1972), 1968 N.M.Laws, ch. 62, §§ 148, 149. *See also* 1968 N.M.Laws, ch. 62, §§ 150, 151, codified in NMSA 1953, §§ 36–15–3, –4 (Repl.Pamp.1972).

hundred forty years, the laws of New Mexico have granted an appeal as of right to defendants *aggrieved* by the judgments of the inferior courts.

### E. Constitutionality of Subsection 34–8A–6(C).

■ In scrutinizing the constitutionality of a statute, we presume that the Legislature performed its duty and kept within the bounds fixed by the Constitution. *In re Santillanes,* 47 N.M. 140, 147, 138 P.2d 503, 507 (1943). Numerous legislative enactments and reenactments have linked the ambiguous Constitutional term "appeals" to trials de novo at the instance of aggrieved parties. We cannot disregard contemporaneous interpretation of the constitutional right subsequent to the adoption of N.M. Const. art. VI, Section 27 in 1911, and subsequent its amendment in 1968, which resulted in no substantive statutory revisions. *See Campbell,* 75 N.M. at 94, 400 P.2d at 964. We hold, therefore that the Legislature did not violate N.M. Const. art. VI, Section 27 in authorizing appeals from metropolitan court judgments by aggrieved defendants, and that Subsection 34–8A–6(C) and Metro.Rule 71(a) do not violate our Constitution.

### IV. "Aggrieved" Status of Defendants under Subsection 34–8A–6(C).

The decisive question in this case is whether the defendants, all of whom pleaded either guilty of nolo contendere to criminal misdemeanor charges in metropolitan court, and then attempted to appeal for trials de novo in district court, are aggrieved persons entitled to such appeals pursuant to Subsection 34–8A–6(C). No New Mexico case has decided this question, although dictum in *Douthitt* suggested that the statutory language granting an appeal to "any person aggrieved" gave the right to a person who pleaded guilty. *Douthitt,* 14 N.M. at 535, 99 P. at 343.

### A. Definition of "Aggrieved Party."

An "aggrieved party" has been defined as one whose personal interests are adversely affected by an order of the court. *In re Pernell,* 92 N.M. 490, 492, 590 P.2d 638, 640 (Ct.App.1979); *see also State v. Castillo,* 94 N.M. 352, 354, 610 P.2d 756, 758 (Ct.App.), *cert. quashed,* 94 N.M. 675, 615 P.2d 992 (1980); *Bazan,* 97 N.M. at 534, 641 P.2d at 1081.

Our Court of Appeals in *Bazan* recognized that not every defendant sentenced by the metropolitan court is an "aggrieved" party entitled to appeal for a trial de novo under Subsection 34–8A–6(C). It held that a metropolitan court defendant sentenced after entering a plea and disposition agreement was not an aggrieved party and had no right to appeal, because he "agree[d] not to be aggrieved." *Bazan,* 97 N.M. at 534, 641 P.2d at 1081 (alternate holding). The *Bazan* court, however, did not address the question whether a defendant who has pleaded guilty without the benefit of a plea agreement likewise is not an aggrieved party.

The decisions of courts of other jurisdictions do little to elucidate New Mexico's statutes, for the extent of the right to appeal from an inferior court judgment following a guilty plea depends upon widely varying statutory language. *See* 42 A.L.R.2d 995 (1955). Typically, the right of appeal following a guilty plea has been extended in situations in which the inferior court proceeding was procedurally inadequate, inaccurate, oppressive, or constitutionally deficient. *See, e.g., North v. Russell,* 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534 (1976); *Burris v. Davis,* 46 Ariz. 127, 46 P.2d 1084 (1935). On the other hand, in situations in which the inferior court system meets constitutional criteria, a surprising number of decisions have held that the "trial de novo" guaranteed by statute is limited in scope. *See, e.g., Jenkins v. Canaan Municipal Court,* 116 N.H. 616, 366 A.2d 208 (1976) (appeal after guilty plea limited to sentencing questions); *State ex rel. Kansas City v. Meyers,* 513 S.W.2d 414 (Mo.1974) (appeal after guilty plea limited to questions of jurisdiction, sufficiency of criminal charges, and to appellate review of validity of plea). *But see, e.g., State v. Fox,* 34 N.C.App. 576, 239 S.E.2d 471 (1977); *State ex rel. O'Neill v. Gay,* 285

S.E.2d 637 (W.Va.1981) (holding subsequently reversed by legislation forbidding appeals from guilty pleas where defendant was represented by counsel, W.Va.Code § 50–5–13 (Cum.Supp.1985)).

The statutory language most analogous to that of Subsection 34–8A–6(C) appears to be that of Mo.Rev.Stat. § 543.290 (1978), which grants a de novo trial to "any person convicted" if, within ten days, he files a statement that he is "aggrieved by the verdict and judgment" of the inferior court. From an early date, Missouri courts held that defendants sentenced upon guilty pleas were not "convicted," and therefore denied them trials de novo. Later cases, however, permitted appeals limited to the review of constitutional, jurisdictional, and sentencing claims. Practice and precedent limited the broad scope of the statutory language, it was held in *State v. O'Neal,* 626 S.W.2d 693 (Mo.App.1981); therefore, a defendant denied the opportunity to withdraw his guilty plea could not appeal for trial de novo as an aggrieved person under the statute, but was entitled to appellate review of his particular grievance. *See also State ex rel. Kansas City v. Meyers,* and cases cited therein.

In the case before us, the defendants raise no objections to the manner in which their pleas were handled; they are less clearly "aggrieved" than the *State v. O'Neal* defendant. There is no definitive answer to the question, who is an aggrieved party? A common sense approach is in order.

■ Our Court of Appeals in *Bazan* concluded that a person who agrees not to be aggrieved by entering into a plea and disposition agreement, who does not allege constitutional invalidity of his plea and agreement, and who does not seek to withdraw his plea, is not an aggrieved party. *Bazan,* 97 N.M. at 534, 641 P.2d at 1081 (alternate holding). We agree with the *Bazan* court, and we believe its conclusion does not rest on the contractual aspects of a plea and disposition agreement.

■ Common sense tells us that a defendant who, voluntarily and aware of the consequences, pleads guilty or nolo contendere, cannot claim to be aggrieved because he did not receive a trial. Nor can he claim to be aggrieved by the judgment and sentence rendered against him, so long as the metropolitan court acted within its sentencing discretion. Therefore we hold that the defendants in this case were not "aggrieved" parties under Subsection 34–8A–6(C). Because we agree with the *Bazan* court that defendants' aggrieved status is the threshold question under all our law regarding the right to appeal from judgments of the metropolitan court, we further hold that the defendants in this case were not entitled to appeals de novo in district court under Subsection 34–8A–6(C) and N.M. Const. art. VI, Section 27.

**B. Waiver of "Aggrieved Party" Status.**

■ Alternatively, if we were to consider the defendants "aggrieved parties" adversely affected by metropolitan court orders under *In re Pernell,* it would be necessary for us to consider whether they waived that aggrieved status by entering pleas of guilty or nolo contendere. We have held that a plea of guilty, voluntarily made after proper advice of counsel and with full understanding of the consequences, is binding and waives objections to prior defects in the proceedings. *State v. Tipton,* 78 N.M. 600, 601, 435 P.2d 430, 431 (1967). A plea of nolo contendere likewise waives the right to object to formal defects in the proceedings. *State v. Raburn,* 76 N.M. 681, 684, 417 P.2d 813, 815 (1966).

Other statutory and constitutional rights may be waived by a defendant. *Baird v. State,* 90 N.M. 667, 669, 568 P.2d 193, 195 (1977); *Neller v. State,* 79 N.M. 528, 533, 445 P.2d 949, 954 (1968). The Court of Appeals in *Bazan* concluded that a metropolitan court defendant who enters a written plea and disposition agreement similar to NMSA 1978, Criminal Form 7.00, validly waives the right to appeal, along with all

other "motions, defenses, objections or requests which he has made or raised, or could assert hereafter * * * " *Bazan*, 97 N.M. at 533, 641 P.2d at 1080 (alternate holding).

No formal plea agreements were signed by any of the defendants in this case, nor was the metropolitan court required to advise the defendants that there would not be a future trial of any kind if they pleaded guilty or no contest, because that requirement of NMSA 1978, Metro.Rule 56.1(c) (Repl.Pamp.1985), was not in effect at the time of the defendants' pleas. *See State v. Roland*, 90 N.M. 520, 521, 565 P.2d 1037, 1039 (Ct.App.), *cert. denied*, 90 N.M. 637, 567 P.2d 486 (1977). These defendants were represented by counsel, and in the absence of allegations to the contrary, we may presume that they were fully informed of the possible consequences of their pleas. *Tipton*, 78 N.M. at 602, 435 P.2d at 432.

Moreover, a plea of guilty or nolo contendere itself operates as a waiver of statutory or constitutional rights; the validity of the waiver is not dependent upon the bargain aspects of a formal plea and disposition agreement. *Cf. Baird v. State*, 90 N.M. at 670, 568 P.2d at 196 (waiver of statutory defects in prior grand jury proceeding). The weight of authority from other jurisdictions likewise finds that a plea of guilty or nolo contendere entered in an inferior court constitutes a waiver of the right to an appeal de novo. *See, e.g., Shoemaker v. State*, 375 A.2d 431 (Del. 1977); *Sanchez v. State*, 385 So.2d 624 (Miss.1980); *Jenkins v. Canaan Municipal Court*, 116 N.H. 616, 366 A.2d 208 (1976); *Maxwell v. Gibson*, 578 P.2d 7 (Utah 1978); *State v. Eckert*, 123 Wash. 403, 212 P. 551 (1923); *but see, e.g., State v. Fox*, 34 N.C.App. 576, 239 S.E.2d 471 (1977); *State ex rel. O'Neill v. Gay*, 285 S.E.2d 637 (W.Va.1981). We hold, therefore, that the defendants in this case by knowingly and voluntarily entering pleas of guilty or nolo contendere waived any right they might have had to trials de novo upon appeal.

## V. "Aggrieved" Status of Defendant Ball under Subsection 34–8A–6(C).

Defendant Ball pleaded guilty in accordance with an oral plea agreement in which the prosecutor agreed to recommend that he be sentenced to no prison term. The trial court chose not to accept this recommendation, and sentenced Ball to seven days of imprisonment. In *Eller v. State*, 92 N.M. 52, 53–54, 582 P.2d 824, 825–826 (1978), we held that the trial court must accept the recommendation and the plea, or it must reject both and give the defendant the opportunity to withdraw his plea (district court case under NMSA 1953, § 41–23–21(g)(4) (Cum.Supp.1975)). Accordingly, Ball was afforded the opportunity to withdraw his plea. He declined to do so.

Ball's position thereafter was analogous to that of the other defendants. He entered and maintained his guilty plea without participating in a plea and disposition agreement. The only inference that might arise from the circumstances surrounding his guilty plea is that he was, perhaps, better informed of the legal rights he was waiving than are some other defendants who plead guilty. Ball's right to appeal for trial de novo without alleging the invalidity of his plea is indistinguishable from the right of appeal enjoyed by the other defendants in this case who pleaded guilty or nolo contendere. Therefore, we hold that defendant Ball was not an aggrieved party entitled to appeal for a trial de novo in district court under Subsection 34–8A–6(C).

## VI. Conclusion.

We reverse the Court of Appeals decision that Subsection 34–8A–6(C) and Metro.Rule 71(a) unconstitutionally abridge the right of appeal guaranteed by N.M. Const. art. VI, Section 27. We overrule *Sanchez*, for the Court of Appeals in that decision erred, first, in defining the constitutional right of appeal too broadly; second, in interpreting N.M. Const. art. VI, Section 27 as authorizing "legislative therapy" to alter a constitutional right; and third, in inexplicably failing to discuss NMSA 1953, Section 36–15–1

(Cum.Supp.1969), which, consistent with over one hundred years of New Mexico law, limited appeals de novo to persons "aggrieved" by the judgment of the inferior court. We overrule as well *Bazan*, to the extent that the Court of Appeals in that decision suggested that the constitutional right to appeal could be, and had been, modified by "legislative therapy."

We hold that the right of appeal from inferior court judgments granted by N.M. Const. art. VI, Section 27 has always encompassed only appeals by aggrieved parties. An unbroken history of unchallenged statutory enactments evidences the fact that the framers of our Constitution intended "appeals in all cases" to be proceedings brought at the instance of aggrieved parties, in the form of trials de novo in district court. Therefore, we uphold Subsection 34–8A–6(C) and Metro.Rule 71(a).

We hold that under the statutory and constitutional provisions authorizing appeals from inferior courts, a defendant who properly has entered a plea of guilty or nolo contendere in metropolitan court is not an "aggrieved" party entitled to appeal to the district court for a trial de novo. To the extent that dictum in *Douthitt* suggests that a defendant who pleads guilty before an inferior court is aggrieved and does enjoy the right to appeal for a trial de novo, that decision is overruled.

Finally, we hold that a defendant who has chosen not to withdraw his guilty plea originally entered as part of a plea and disposition agreement rejected by the metropolitan court is not an "aggrieved" party entitled to appeal for a trial de novo. We hold, therefore, that the district court acted correctly in dismissing the appeals of all of these defendants.

We reverse the Court of Appeals decision and remand to it with instructions to reinstate the orders of dismissal by the district court.

IT IS SO ORDERED.

* *Ed. Note:* see appendix.

RIORDAN, C.J., and FEDERICI, J., concur.

SOSA, Senior Justice, dissenting.

WALTERS, J., dissenting.

SOSA, Senior Justice, dissenting.

I dissent from what, in my judgment, is an attempt by this Court to change the Constitution, Article 6, Section 27 by judicial edict or fiat. The Legislature cannot change the Constitution by legislative enactments and neither should we, by interpretation of legislative intent or by our own fiat, be allowed to do so. I agree totally with the scholarly analysis of the law as penned by Judge William Bivins of the Court of Appeals in his Opinion, and I hereby adopt his Opinion as my dissent and hereby instruct that it be printed and published as my dissent in its entirety.*

### APPENDIX

### OPINION

BIVINS, Judge.

In each of these seven cases the defendants either entered a plea of guilty or a plea of no contest in metropolitan court to misdemeanor charges. All appealed to the district court. In each case the district court dismissed the appeal. Defendants now appeal to this court from that dismissal. Because the cases of defendants Romero, Polys, Storey, Moreno and Fichera all involve common issues we consolidated those cases and assigned them to the legal calendar. *State v. Ball* involves the same issues and we now consolidate that case with the others; however, *State v. Ball* requires additional discussion because of the manner in which this defendant entered his guilty plea.

The cases before us present the following two issues:

(1) Whether a party must be an "aggrieved" person in order to appeal from final judgments or decisions in criminal cases entered in metropolitan court to dis-

trict court; and if the answer to that question is in the affirmative, then,

(2) Whether a defendant who pleads no contest or enters a guilty plea to criminal charges in metropolitan court qualifies as an aggrieved person entitled to appeal the judgment and sentence to district court.

Since we hold that a party does not have to be an aggrieved person in order to appeal, we do not reach the second issue. *State v. Ball* presents the additional issue as to whether that defendant's plea and disposition agreement bars his right of appeal. Under the circumstances of that case, we hold it does not. Thus, we reverse in all the cases and remand for trial de novo in the district court.

In each case the district court dismissed the defendant's appeal from metropolitan court on the ground that the defendant had to be, but was not, an aggrieved person. The question put squarely before us in these appeals is whether a defendant has an unqualified right of appeal to district court for a trial de novo from a final judgment or decision in criminal cases entered in metropolitan court, or whether he must be an aggrieved person in order to appeal.

### 1. Do the defendants have to be aggrieved persons in order to appeal?

We begin our discussion with the New Mexico Constitution. N.M. Const. art. VI, Section 27 provides:

Appeals shall be allowed in all cases from the final judgments and decisions of the probate courts and other inferior courts to the district courts, and in all such appeals, trial shall be had de novo unless otherwise provided by law. (As amended November 8, 1966.)

In *City of Albuquerque v. Sanchez,* 81 N.M. 272, 466 P.2d 118 (Ct.App.1970) this court had occasion to decide whether a defendant who pled guilty to a misdemeanor in municipal court had a right of appeal to district court. Based on NMSA 1953, Section 21–10–1 (Supp.1969) (now NMSA 1978, Section 39–3–1), which states, "All appeals from inferior tribunals to the district courts shall be tried anew in said

courts on their merits, as if no trial had been had below, except as otherwise provided by law," we held defendant had a right of appeal. We said, "The terms of that section are clear and without limitation." 81 N.M. at 273.

While resting its decision in *Sanchez* on Section 21–10–1, this court in dictum commented on article VI, Section 27, which we note carries the same meaning as the statute. The city in *Sanchez* argued that to allow an appeal after a guilty plea would impede or delay the orderly and speedy administration of justice. In response, we said, "With this we do not agree, but assuming it is correct, then this is a situation which calls for legislative therapy and not judicial surgery." *Id.* at 273, 466 P.2d 118. After citing article VI, Section 27, we said that the framers of the Constitution "imposed no condition except a proviso that the Legislature could, by law, *change the right granted.*" *Id.* at 273, 466 P.2d 118 (emphasis added). We referred to the phrase "unless otherwise provided by law" which appears at the end of article VI, Section 27. Finding no change in Section 21–10–1 or elsewhere, we upheld defendant's right of appeal. This court did, however, find in a later case that "legislative therapy" had taken place following *Sanchez.*

In *State v. Bazan,* 97 N.M. 531, 641 P.2d 1078 (Ct.App.1982), this court held that a defendant who pleads guilty in metropolitan court pursuant to a written plea and disposition agreement is not entitled to a trial de novo in district court. This court based its decision on alternate grounds that (1) the defendant had waived his right to appeal for a trial de novo by the terms of the plea and disposition agreement, which we will consider later in connection with defendant Ball's case; and (2) defendant was not an aggrieved party, the focus of our present discussion. Thus, in *Bazan* we expressly recognized that a defendant charged with a crime in metropolitan court had to be aggrieved in order to appeal.

The *Bazan* court in making its ruling relied on NMSA 1978, Section 34–8A–6(C) (Repl.Pamp.1981) which provides:

Any person *aggrieved* by any judgment rendered by the metropolitan court may appeal to the district court of the county in which such judgment has been rendered within fifteen days after entry of the judgment. All criminal trials upon appeal from the metropolitan court shall be de novo unless otherwise specified by supreme court rule. (Emphasis added.)

We held that the "legislative therapy" prescribed in *Sanchez* had taken place by the enactment in 1979, and amendment in 1980, of Section 34–8A–6(C). We also noted that by adopting in 1980, NMSA 1978, Metro.Rule 71(a) and (i) (Cum.Supp.1984), the supreme court likewise requires that a party be an aggrieved person in order to appeal from metropolitan court to district court.[1]

Because article VI, Section 27 allows an appeal "in all cases" while Section 34–8A–6(C) and Metro.Rule 71 recognize a right of appeal only by an aggrieved person, we are confronted with an unmistakable conflict, unless the constitutional provision can be read to permit the Legislature to change the right of appeal.

By limiting the right to appeal to aggrieved persons, Section 34–8A–6(C) implicitly bars an appeal by anyone not aggrieved by the judgment of the metropolitan court. The question then arises whether this statute violates the general rule that the Legislature, by statute, may not diminish a right expressly provided by the Constitution. *See State v. Santillanes*, 96 N.M. 482, 632 P.2d 359 (Ct.App.1980), *rev'd on other grounds*, 96 N.M. 477, 632 P.2d 354 (1981). The answer to this question turns on whether article VI, Section 27 authorized the Legislature to change the right of appeal, as *Sanchez* suggests, as opposed to the manner of appeal, as defendants here argue.

On closer examination, article VI, Section 27 reads, "Appeals shall be allowed in all cases from the final judgments and decisions * * * and in all such appeals, trial shall be had de novo *unless otherwise provided by law.*" (Emphasis added.)

There is no comma between "de novo" and "unless otherwise provided by law." "[A] restrictive clause only applies to the words or phrase immediately preceding it, and not to others more remote." *State v. Stevens*, 100 N.M. 577, 579, 673 P.2d 1310, 1312 (1983); *In re Goldsworthy's Estate*, 45 N.M. 406, 115 P.2d 627 (1941). A comma must not be placed between the restrictive clause and that which it restricts. *Id.; see also Hughes v. Samedan Oil Corp.*, 166 F.2d 871 (10th Cir.1948). Restrictive clauses follow and limit the words they modify and are not set off by commas. *State v. Stevens.* "[R]elative and qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or including others more remote." *In re Goldsworthy's Estate*, 45 N.M. at 412, 115 P.2d 627 (quoting 59 C.J., Statutes, § 583).

Therefore, in article VI, Section 27, "unless otherwise provided by law" must be construed to modify only the form of the appeal, i.e., by trial de novo, and not other phrases more remote. Thus, the constitutional provision allows the Legislature to change the *form of an appeal* from metropolitan court to district court to other than by trial de novo. But the Legislature may not, by statute, change or limit the first part of the section which allows appeal in *all* cases from final judgments and decisions of the metropolitan court.

The state contends that *Bazan* considered the interplay between the constitutional and statutory provisions. Based on

---

**1.** Metro.Rule 71, as cited in *Bazan*, provides in pertinent part:

 (a) Right of appeal by defendant. A defendant who is *aggrieved* by any judgment rendered by the metropolitan court may appeal to the district court of the county within which the metropolitan court is located within fifteen days after entry of the judgment or final order.

\* \* \* \* \* \*

 (i) Trial de novo. All trials upon appeals from the metropolitan court to the district court shall be de novo and shall be governed by the Rules of Criminal Procedure for the District Courts. (Emphasis added.)

the language in *Sanchez* that the Legislature could change the right granted, *Bazan* assumed, but did not actually consider, the accuracy of that statement. We do so here.

The state further argues that even if "unless otherwise provided by law" applies only to the form of the appeal, Section 34–8A–6(C) and Metro.Rule 71(a) provide for a trial de novo only for aggrieved persons. Thus, the state reasons that any unaggrieved person must be relegated to an appellate review, rather than a trial anew, and because defendants here proffer no error by the metropolitan court, there is nothing to review. We reject this circuitous argument. Because the metropolitan court is not a court of record with respect to criminal actions, *see* Section 34–8A–6(B), to limit an unaggrieved person to an appellate review would in effect deprive the defendant of his right of appeal.. A more compelling reason for rejecting this argument may be found in the statute and supreme court rule. To follow the state's reasoning, we would have to interpret both Section 34–8A–6(C) and Metro.Rule 71(a) as omitting unaggrieved persons only from an appeal de novo. We do not interpret either in this manner. The obvious sense of the language is to provide no appeal at all for anyone not aggrieved. That was the basis for the state's motion to dismiss these appeals.

Finally, the state also contends that to allow defendants to bypass metropolitan court would frustrate the overall statutory scheme which grants jurisdiction over misdemeanors to the metropolitan court. The state argues that the defendant should not have a choice of forums between metropolitan court and the district court, again claiming to allow such would effectively negate the jurisdiction of the metropolitan court over misdemeanor cases.

We agree that article VI, Section 27 does just that, but only because the constitutional provision provides for trial de novo. The "unless otherwise provided by law" phrase would permit the Legislature to provide for appellate review by the district court rather than trial de novo. We note that the Legislature has done this with respect to civil actions by making the metropolitan court a court of record as to those actions and providing for appellate review by the district court. *See* Sections 34–8A–6(B) and (D); NMSA 1978, Metro.R. 76 (Repl.Pamp. 1981); *Johnson v. Southwestern Catering Corp.*, 99 N.M. 564, 661 P.2d 56 (Ct.App. 1983).

While there are no appellate court cases in New Mexico dealing with the precise issue presented by these appeals, the result we reach finds support in two recent cases. In *State v. Giraudo*, 99 N.M. 634, 661 P.2d 1333 (Ct.App.1983), this court had occasion to determine whether the state had a right of appeal under article VI, Section 27, notwithstanding limiting provisions of Metro. Rule 71(b). In that case the district court ruled that the state had no appeal from the metropolitan court's dismissal for failure to timely prosecute. Metro.Rule 71(b) limits the prosecution's right to appeal from a judgment dismissing the complaint "on the basis that an ordinance, statute or section thereof is invalid or unconstitutional, or that the complaint or a part thereof is not otherwise legally sufficient." *Id.* On the basis that article VI, Section 27 controlled over the rule, we reversed, holding:

> However, in light of N.M.R. Metro.P. 1(b), N.M.S.A.1978 (1981 Repl.Pamph.) the constitutional provision, rather than the narrower Rule 71(b), *supra*, controls the State's right to appeal. Metro.Rule 1(b) provides:
>
> These [Metropolitan Court] rules shall be liberally construed to secure the just, speedy and inexpensive determination of every metropolitan court action. They shall not be construed to extend or limit the jurisdiction of any court, *or to abridge, enlarge or modify the substantive rights of any litigant.* (Emphasis added.)
>
> The right to appeal is a substantive right. *State v. Arnold*, 51 N.M. 311, 183 P.2d 845 (1947). Were we to apply Metro.Rule 71(b), instead of Article VI, § 27 of our constitution, we would be abridg-

ing the substantive right of the State to appeal. Consistent with Metro.Rule 1(b), *supra,* we apply the constitutional provision, which requires only a final judgment. Since the order of dismissal is a final judgment the State may appeal it to the district court.

99 N.M. at 636, 637, 661 P.2d 1333.

A year later the supreme court in *Smith v. Love,* 101 N.M. 355, 683 P.2d 37 (1984) held the restrictive language of Metro.Rule 71(b) unconstitutional as abridging or diminishing the right of appeal expressly provided by the constitution, article VI, Section 27.

We are not unaware of the impact our decision could have on the caseload of the district courts. However, if the Legislature wishes to limit the right of appeal from final judgments and decisions of the metropolitan court to the district court to persons aggrieved thereby, it must do so through a constitutional amendment. *Cf.* N.M. Constitution, article VI, § 2 (providing that "an aggrieved party" shall have an absolute right to one appeal from district court). Absent qualifying language we hold that Section 34–8A–6(C) and Metro. Rule 71(a) impermissibly abridge or diminish the unqualified right of appeal guaranteed by article VI, Section 27. To the extent *Sanchez* may be read as permitting a change in the right of appeal provided by article VI, Section 27, it is overruled. Likewise, to the extent *Bazan* requires that a party be an aggrieved person in order to appeal, it too is overruled.

### 2. Does the separate issue in *State v. Ball* require a different result?

Defendant Ball entered into an oral plea and disposition agreement whereby he agreed to plead guilty to driving with a suspended or revoked license. The prosecutor agreed to recommend that his sentence not include incarceration. These were the only terms of the agreement. The metropolitan court refused to accept the recommendation and sentenced Ball to seven days in jail and imposed a fine of fifteen dollars. The district court dismissed Ball's appeal. Even though we hold that Ball did not have to be an aggrieved person in order to appeal, that holding does not answer the question of what effect, if any, the plea agreement had in Ball's right to appeal.

In *Bazan* this court held that defendant waived his right to an appeal for a trial de novo by entering into a plea and disposition agreement. *Bazan* is distinguishable. First, in *Bazan* the metropolitan court approved the agreement. In Ball's case the court rejected the agreement. *See Eller v. State,* 92 N.M. 52, 582 P.2d 824 (1978). Ball could not be bound by an agreement rejected by the court. Second, in *Bazan* the defendant expressly waived his right to appeal in the written plea and disposition agreement he made with the prosecution. No such waiver is present here. Therefore, Ball may appeal for a trial de novo.

### 3. Conclusion

We reverse the orders in all the cases denying defendants the right of an appeal de novo in district court, and remand for further proceedings.

**IT IS SO ORDERED.**

NEAL and ALARID, JJ., concur.

WALTERS, Justice (dissenting).

"When I use a word," Humpty Dumpty said, in a rather scornful tone, "it means just what I choose it to mean—neither more nor less."

(from Lewis Carroll's *Alice in Wonderland.*)

The majority has chosen in this case to say that "all cases" really means "only some cases."

Having authored the *Bazan* case referred to by both the majority and the Court of Appeals, I am convinced that the discussion there on "aggrieved party" was unnecessary to that decision and that the opinion, instead, rested primarily on Bazan's *express* agreement to waive any and all defenses and objections raised or that could be raised in the future, in return for dismissal of two charges against him.

With the opportunity to reflect again upon a direct clash between a constitutional provision and more limiting language of a statute and a court-created rule, I am dismayed that I would even have suggested there could be a resolution against the constitutional language.

I respectfully dissent from the majority opinion and profess a public mea culpa for lacking the wisdom in 1982 that permitted the second portion of the *Bazan* opinion to be written. It was no more correct then than is the majority decision today.