This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                                                                   **No. 31,981**

**THOMAS KNIGHT,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

<b>MEMORANDUM OPINION</b>

**VIGIL, Judge.**

    Defendant entered into a plea agreement and was sentenced. He appeals from the sentence. We proposed to dismiss in a calendar notice, and we have received a

memorandum in opposition to our notice. We have carefully considered Defendant's arguments, but we are not convinced that our proposed disposition is incorrect. Therefore, we dismiss.

Defendant entered a non-conditional plea of guilty to criminal sexual contact of a minor. Prior to sentencing, he was granted permission to undergo a psycho-sexual evaluation, but he was not transported for his evaluation. The district court denied a motion for continuance of the sentencing hearing. Defendant was sentenced to eighteen months incarceration.

In response to our calendar notice, Defendant contends that his case should be re-calendared for a more thorough review. Defendant also contends that the district court's denial of his motion for continuance in order to undergo an evaluation prior to sentencing was an abuse of discretion. As discussed in our calendar notice, Defendant received a lawful sentence. *See State v. Chavarria*, 2009-NMSC-020, ¶ 14, 146 N.M. 251, 208 P.3d 896 (explaining that, by entry of a voluntary guilty plea, a defendant waives the right to appeal, but an illegal sentence can be challenged for the first time on appeal). Defendant entered into a plea agreement, but the plea did not include the reservation of the right to appeal any aspect of the proceedings in the district court. *See State v. Hodge*, 118 N.M. 410, 414, 882 P.2d 1, 5 (1994) (stating that a voluntary guilty plea acts as a waiver of any objections to prior defects in the

2

proceedings and as a waiver of statutory or constitutional rights, including the right to appeal).  In addition, because Defendant entered into a valid non-conditional plea agreement, he is not an aggrieved party and has no right to bring an appeal.  *See State v. Ball*, 104 N.M. 176, 182-83, 718 P.2d 686, 692-93 (1986).

For the reasons discussed in this opinion and in our calendar notice, we dismiss Defendant's appeal.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**TIMOTHY L. GARCIA, Judge**