This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41946**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

       Petitioner-Appellee,

v.

**VALERIE E.,**

       Respondent-Appellant,

and

**ANTHONY L.,**

       Respondent,

**IN THE MATTER OF JAXSON L., a Child.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Grace B. Duran, District Court Judge**

Children, Youth & Families Department
Amanda Romero, Chief Children's Court Attorney
Santa Fe, NM
K. Brandon Cline, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Jennifer L. Munson
Las Cruces, NM

Guardian Ad Litem

**DECISION**

**IVES, Judge.**

**{1}** Appellant Valerie E. (Mother) appeals the district court's order dismissing an abuse and neglect proceeding initiated by the Children, Youth and Families Department (the Department) after Mother opted not to contest the allegation of neglect and Child was placed with his father. We affirm.

**DISCUSSION**

**I. The District Court's Order Is Final and Appealable**

**{2}** This case first presents the unusual circumstance of a parent choosing not to contest an allegation of neglect, but then choosing to appeal the ensuing dismissal of the petition by the district court based upon ancillary matters related to custody and visitation. In its calendar notice, this Court asked the parties to first address whether the district court's order dismissing the case is a final order appealable by Mother. The parties agree that it is. Although we are not bound by the Department's concession, *see State v. Tapia*, 2015-NMCA-048, ¶ 31, 347 P.3d 738, we agree that the order is final and appealable. "The general rule in New Mexico for determining the finality of a judgment is that an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the district court to the fullest extent possible." *State ex rel. Child., Youth & Fams. Dep't v. Brian F.*, 2023-NMCA-087, ¶ 13, 538 P.3d 478 (text only) (citation omitted). Here, the underlying controversy between Mother and the Department—the abuse and neglect case—was fully resolved by the order issued by the district court. Importantly, "[w]here a judgment declares the rights and liabilities of the parties to the underlying controversy, a question remaining to be decided thereafter will not prevent the judgment from being final if resolution of that question will not alter the judgment or moot or revise decisions embodied therein." *Id.* (internal quotation marks and citation omitted). That is, the fact that there remained a question as to a custody agreement or visitation between Mother and the father does not change the finality of the order, as the resolution of the custody dispute would not "alter the judgment or moot or revise" the otherwise completed neglect proceeding. *Id.* We therefore conclude that the order was final.

**II. The Department Has Not Established That Mother Waived Her Right to Appeal**

**{3}** This Court also asked the parties to address whether Mother's no contest plea to the neglect allegations affects the appealability of the district court's order. Only the

Department responded to this request, contending that Mother waived her right to appeal when she entered a no contest plea to the neglect petition because she was not an "aggrieved party" for the purposes of an appeal. *See* NMSA 1978, § 39-3-7 (1966) ("[A]ny interlocutory order or decision which practically disposes of the merits of the action or any final order after entry of judgment which affects substantial rights, in any special statutory proceeding in the district court, *any party aggrieved* may appeal therefrom to the supreme court or to the court of appeals." (emphasis added)). We are not persuaded.

**{4}** The Department relies entirely on *State v. Ball*, 1986-NMSC-030, ¶ 26, 104 N.M. 176, 718 P.2d 686, in which our Supreme Court held that defendants in criminal cases waived any rights to appeal when they "knowingly and voluntarily enter[ed] pleas of guilty or nolo contendere." *Id.* ¶ 36. The Court reasoned that a defendant who entered a guilty plea "cannot claim to be aggrieved . . . by the judgment and sentence rendered against him, so long as the metropolitan court acted within its discretion." *Id.* ¶ 32. The Department argues that this same rationale applies in the context of no contest pleas in abuse and neglect proceedings. The Department does not cite any authority to support this assertion, *see Lee v. Lee* (*In re Adoption of Doe*), 1984-NMSC-024, 100 N.M. 764, 676 P.2d 1329, or explain why we should apply this criminal appeal waiver doctrine in the context of abuse and neglect proceedings, *see Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53.

**{5}** We leave for another day the question of whether a litigant in abuse or neglect proceedings may decline to challenge the basis for the petition but nonetheless appeal an ensuing adjudication consistent with that underlying petition. Here, even if we were to apply *Ball* to the present case, it appears to us that Mother would only be unable to challenge the finding of neglect on appeal and other "*prior* defects in the proceedings," *see Ball*, 1986-NMSC-030, ¶ 33 (emphasis added), but that her no contest plea would not prevent her from challenging *subsequent* defects, which is what Mother contends the dismissal discussed to be. The Department does not develop any argument regarding this distinction, and we will not develop an argument for the Department. *See Elane Photography, LLC*, 2013-NMSC-040, ¶ 70. Because Mother does not challenge the adjudication of neglect or some other asserted prior defect in the proceeding, we decline to conclude that she waived her right to appeal under the facts of this case.

### III. Mother's Due Process Rights Were Not Violated by the Dismissal of the Abuse and Neglect Proceedings

**{6}** Mother argues that her due process rights were violated when the neglect petition was dismissed and Mother's parental rights were "effectively terminated" without notice or a hearing.[1] Reviewing Mother's due process claim de novo, *see State ex rel. Child., Youth & Fams. Dep't v. Lisa A.*, 2008-NMCA-087, ¶ 17, 144 N.M. 324, 187 P.3d 189, we are not persuaded that any error occurred. Importantly, Mother's parental rights

---

[1]Mother's claims of error were not preserved, and she therefore relies on the fundamental error exception to our preservation rules as a basis for review. *See* Rule 12-321(B)(2) NMRA.

were not terminated;[2] she conflates the process that is afforded for a termination of parental rights, *see* NMSA 1978, § 32A-4-29 (2022), with the process a parent is provided when an abuse and neglect petition is filed against them, *see* NMSA 1978, §§ 32A-4-4 to -27 (1993, as amended through 2023). When an abuse and neglect petition is filed against a parent and that parent is adjudicated neglectful, a district court may, within its discretion, "permit the child to remain with the child's parent." Section 32A-4-22(B)(1); *see Lisa A.*, 2008-NMCA-087, ¶ 11 ("[W]here the custodial parent has neglected the child, the noncustodial parent is not merely a placement alternative; instead, the noncustodial parent is entitled to custody unless the Department can establish the noncustodial parent is unfit.") (internal quotation marks and citation omitted); *see also* § 32A-1-4 (DD) (defining "reunification" as "either a return of the child to the parent or to the home from which the child was removed or a return to the noncustodial parent"). That is what happened here. The district court's order states that "physical custody" of Child was being "returned" to the father. The order says nothing about legal custody; Mother and the father retained joint legal custody of Child when the district court dismissed the case. Mother's parental rights were not terminated, and it was proper for the district court to dismiss the abuse and neglect case because Child was no longer considered neglected and the father was able to parent Child. *See Lisa A.*, 2008-NMCA-087, ¶ 18. Any further issue related to custody and visitation is properly decided in a domestic relations matter. *See id.* ¶ 21.

**CONCLUSION**

**{7}**    We affirm.

**{8}    IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHLEM, Judge**

---

2Our conclusion that Mother's parental rights were not terminated also disposes of Mother's argument that she was denied "reasonable efforts under her treatment plan" and that she should have been allowed to continue working her case plan to reunify with Child. The reasonable efforts requirement that applies when the Department seeks to terminate parental rights, *see* NMSA 1978, § 32A-4-28(B)(2) (2022), is not applicable here because Mother's parental rights were not terminated. It is well established that the reasonableness of the Department's efforts regarding a parent's treatment needs can be challenged in termination proceedings, and nothing about an adjudication of abuse or neglect alters such a right by a parent aggrieved by the outcome of a termination proceeding. *See State ex rel. Child., Youth & Fams. Dep't v. Keon H.*, 2018-NMSC-033, ¶¶ 52-54, 421 P.3d 814 (discussing analysis regarding "whether the Department's efforts to assist [a parent] were reasonable"). In any event, Mother does not argue that the district court's erred when it determined—in its initial judicial review order and in its initial permanency order—that the Department made reasonable efforts to reunify the family.